SAMUEL, Judge.
We dismiss as untimely an appeal from a judgment signed November 29,1978 increasing child support. The petition for appeal was filed October 5, 1979.
In response to a rule to show cause why this appeal should not be dismissed, appellant argued in essence the judgment is a nullity because he was never properly cited to appear for the hearing at which the increase was granted, nor was he notified of the judgment.
On February 20, 1979, Joseph Verrett filed a petition to nullify this judgment, alleging, among other things that his wife’s attorney had knowingly served his former attorney after being told by that attorney he no longer represented Verrett nor would he be responsible for accepting service. After an answer to the nullity suit was filed, Verrett moved for summary judgment which would have declared the judgment now before us a nullity had it been granted. Instead, on May 3, 1979, the trial court not only denied the motion, but also dismissed plaintiff’s nullity suit.
Thereafter, Mr. Verrett moved for a new trial and by judgment dated October 31, 1979, the motion was denied. In resisting dismissal of this appeal, appellant also urges there is confusion in the proceedings in the nullity action. However, that judgment has never been appealed and is therefore not before us.
Code of Civil Procedure Article 3943 provides an appeal from an alimony judgment must be taken within the same delays specified in C.C.P. Art. 3942, which is thirty days from the applicable date provided in C.C.P. Art. 2087(1)-(3). As used here the term alimony includes child support awards. Matherne v. Matherne, La.App., 331 So.2d 55.
The judgment here appealed from was taken by default October 13, 1978. A copy was served on Charles White, the attorney who represented appellant in the original divorce and who never formally withdrew as attorney of record. Service of the judgment was made December 6, 1978. Although appellant stated he was not notified of this judgment at the time it was served, we do know from the record that he obtained a copy thereof on or before February 20, 1979, the date he filed the action in nullity.
The Supreme Court has held that service on an attorney of record is valid until the time that attorney files a motion to withdraw. Imperial v. Hardy, La., 302 So.2d 5. But assuming arguendo the facts of this case are distinguishable, we would still dismiss the appeal as untimely. Were we to compute delays from February 20,1979, the appeal would have had to be perfected no later than March 31, 1979.
Filing a petition for nullity did not have the effect of extending the period within which an appeal could be perfected. An action for nullity is not a substitute for a timely appeal. Southern Wheel & R. Serv., Inc. v. Champion M. W., Inc., La.App., 283 So.2d 328. It would have been possible *842 for Mr. Verrett to appeal the judgment increasing the award and at the same time maintain a separate action in nullity, which is a remedy independent of any other. Schoen v. Burns, La.App., 321 So.2d 908.
Once judgment was rendered in the nullity action dismissing Verrett’s petition that judgment also could have been appealed. None was taken.
Accordingly, we dismiss this appeal as untimely.

APPEAL DISMISSED.