SWIFT, Judge.
In this case the plaintiff, Kinman Paul Goux, was granted a divorce and ordered to pay to his wife, Delores Smith Goux, to whom custody of their four children was granted, child support in the amount of $275.00 per month for each child, plus medical and dental expenses. From the judgment the plaintiff has appealed. We affirm.
The sole issue before this court is whether or not the trial judge abused his discretion in fixing the child support.
At trial the financial situations of both parents were developed. Delores Goux offered into evidence budgets which she said she had prepared for both herself and her children to substantiate their actual total monthly expenses of $1,023.00 and $1,658.00 respectively. She acknowledged receiving slightly over $58,000.00 cash in a partial community property settlement. Fifty thousand of this was invested in a money market certificate to earn interest from which she supports herself and contributes to the financial support of the children. Mrs. Goux also received $3,300.00 as a lease bonus or a royalty sale after the separation. She is not employed and is responsible for rearing the four minor children, ages ten, eight, five and three. The three oldest attend private schools with the father’s consent.
Kinman Goux is a self-employed pharmacist who owns a ,one-half interest in the Clinic Pharmacy of Marksville, Inc., and is paid a weekly salary of $500.00. The company records reflected retained corporate earnings in excess of $5,000.00 for the five months preceding December 31, 1980. A ten per cent growth in business is estimated. Mr. Goux received approximately 210 acres of improved farm land in the partial community property settlement with his wife, from which he earns or has earned income by renting land for farming, by raising approximately 100 head of cattle for sale and personal consumption, by selling hay and by leasing the property for mineral exploration. However, Goux testified his indebtedness on the farm amounts to approximately $230,000.00. The financial statement which he presented reflects a gross monthly income of $2,250.00, with a net of $1,511.35. His monthly living expenses are also listed thereon in the total amount of $1,110.00, leaving $401.35 available for child support. In 1979 his income was in excess of $44,000.00.
LSA-C.C. Art. 227 provides that fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining and educating their children.
This court in Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3 Cir. 1980), writ denied, 383 So.2d 782 (La.1980), said:
“A mutual obligation of support, maintenance, and education of children is imposed by our law on both parents. The degree of support required of each is determined by the needs of the children and the circumstances of those who are obliged to pay it. LSA-C.C. Articles 227, 230 and 231; Graval v. Graval, 355 So.2d 1057 (La.App. 4th Cir. 1978); Marcus v. Burnett, 282 So.2d 122 (La.1973); Strickland v. Strickland, 377 So.2d 537 (La.App. 3rd Cir. 1979). The customary duties performed and services rendered by a mother on a daily basis contribute substantially to the mutual obligation of support. Ducote v. Ducote, 339 So.2d 835 (La.1976).
Additionally, it is well settled that the trial court is vested with wide discretion in fixing child support. Fellows v. Fellows, 267 So.2d 572 (La.App. 3 Cir. 1972).
Our review of the record reveals that the amount of the trial court’s award *32 in this case was not an abuse of the wide discretion accorded him. Although both parents owe a mutual obligation of support to their children, the needs of the children and the circumstances of each of the parents determine the amounts thereof. The trial court was obviously convinced that Mr. Goux can afford to contribute more money to the support of the children than Mrs. Goux. He earns a good salary and owns various income-producing assets. His ability to pay support far outweighs that of Mrs. Goux, whose only income is the interest from the investment of the community property settlement. She spends her time performing the daily duties and services of a mother to the four children and this substantially contributes to the mutual obligation of support. Although the amounts which Mrs. Goux testified she spent on the children were certainly not meagre, this family apparently lived comfortably and well before their separation and we are unable to say that the financial needs of the children are not substantiated in the record. We conclude therefore that the trial court was not manifestly erroneous in its determination of the child support the plaintiff is obliged to pay in this instance.
For the assigned reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.