418 So.2d 23 (1982)
Larry James PITTMAN
v.
Wanda Ann Wall PITTMAN.
No. 14936.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
Rehearing Denied August 24, 1982.
*24 John Seago, Baton Rouge, for plaintiff, appellant.
Birch McDonough, New Orleans, for defendant, appellee.
Before COVINGTON, COLE and WATKINS, JJ.
COLE, Judge.
This case presents a single issue: Whether or not the trial court erred in ordering plaintiff Larry Pittman to pay $230 a week for the support of his three minor children.
Plaintiff and defendant Wanda Pittman were married in 1968 and of this marriage three children were born. The parties were divorced by virtue of a judgment signed June 24, 1981. The judgment ordered Larry Pittman to pay $230 a week for the support of Laura Pittman, age 12, Michelle Pittman, age 10, and Tiffany Pittman, age 8. Mr. Pittman has appealed the judgment arguing the trial court erred in awarding this amount.
We note initially the trial court is granted a great amount of discretion in determining the amount of child support payments due and its determination will not be disturbed absent a showing of abuse. Silas v. Silas, 399 So.2d 779 (La.App. 3d Cir. 1981). The amount of the award is to be in proportion to the needs of the child and the circumstances of the parent who is to pay. Silas, supra. The children are to be maintained in the same standard of living as they would enjoy if they were living with their father. Meyers v. Meyers, 344 So.2d 451 (La.App. 2d Cir. 1977). It is impossible to calculate the amount of child support by a mathematical formula. Instead, all of the varying facts and circumstances of each case must be taken into consideration. Fall v. Fontenot, 307 So.2d 779 (La.App. 3d Cir. 1975).
Evidence concerning the financial status of each parent was put forth at trial. As of May 1981, Mr. Pittman was employed as a construction supervisor and had a gross income of $34,824 a year. His monthly net income was $1,709. He itemized his monthly expenses as totaling $1,498. Therefore, he claimed he could afford to pay only $210 a month in child support.
Mrs. Pittman had recently become employed as a manager trainee at a finance company and was earning a gross income of $9,000 a year. She stated her monthly net income was approximately $575.[1] She itemized her monthly expenses to equal $2,469.
We have examined the itemized expense lists submitted by each party. We note Mr. Pittman, who lives in an apartment in Baton Rouge, claimed he spends $450 a month for food for himself while Mrs. Pittman stated she spends $500 monthly for food for herself and three children. Mr. Pittman drives a 1980 Monte Carlo and pays a $209 monthly note while Mrs. Pittman drives a 1977 Chevrolet station wagon and states she has found it necessary to spend approximately $140 monthly to keep it in running condition. Mrs. Pittman itemized her monthly medical and dental expenses as $200, based upon her assertion that one of the children was in need of orthodontic work and she herself required dental work. We note Mrs. Pittman's net income of $575 is not sufficient to cover even the rent ($375) and the grocery bill ($500). She testified she is getting a special price on the house she currently rents in Slidell but will be required to move shortly because the house is being sold. She stated it would cost approximately $600 a month to rent a similar house in the same neighborhood.
Considering all of the evidence we conclude the trial court did not abuse its discretion in setting the amount of child support at $230 a week. The children are at ages where it is necessary to spend a great deal for clothing (due to their rapid growth), as well as for food, education, medical care and recreation. We note Mr. *25 Pittman's gross salary is almost four times as much as Mrs. Pittman's. His earning potential, as a construction supervisor with twelve years experience, is much higher than hers as a beginner manager trainee who has worked only intermittently as a receptionist and as a substitute teacher.[2] She testified she had her real estate license and although she occasionally earned commissions she did not have time to be actively involved in that field. There is no evidence showing she had any substantial or regular income from the real estate business.[3]
We realize both the mother and the father have an obligation to support their children. La. Civil Code art. 227.[4] It appears Mrs. Pittman is offering what meager financial support she can, as well as the invaluable and innumerable services involved in the daily care of the children. Mr. Pittman argues he is only able to pay $210 a month because this is the amount he has left after his monthly expenses. His argument ignores the fact that as a father he has a legal obligation to support his children. This obligation is not dependent upon how much money is "left over" at the end of the month. We observe that Mr. Pittman earns a substantial income and with good financial management he should be able to enjoy a comfortable lifestyle and still fulfill his obligation to support his three minor children.
For these reasons, the judgment of the trial court is affirmed. Appellant is to pay costs.
AFFIRMED.
NOTES
[1] Mrs. Pittman testified she had been told she would receive a raise after working for six months and again after working one year. She did not know how much of an increase the raise would bring.
[2] Mrs. Pittman testified she attended Southeastern Louisiana University in secretarial science but did not graduate. She stated her typing skills were very weak but she was currently enrolled in a typing course.
[3] She stated she earned approximately $1,000 in commission from a sale of a house in the summer of 1980. At the time of the hearing she had the listing on a house and could earn from $351 to $702 on the sale.
[4] Art.227. "Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children."