PICKETT, Judge Ad Hoc.
In this case, Mrs. Louise Azelie Mouton Thompson was awarded a divorce from her husband, Charles David Thompson. She was also awarded the custody of their five minor children and child support in the amount of $4,000.00 per month.[1]
Mr. Thompson appeals from the judgment only insofar as it relates to the award of child support.
The sole issue before this court is whether or not the trial judge abused his discretion in fixing the child support.
In his appeal, Mr. Thompson seeks to have the child support reduced to $2,500.00 per month. Mrs. Thompson answered the appeal and asked that it be increased to $6,000.00 per month.
At trial, the financial situations of both parents were thoroughly developed.
Since this case was tried in 1982, great emphasis was placed on the 1981 income of both parties. The 1981 adjusted gross income of Mrs. Thompson, who is a housewife, was $128,061.00. This included interest earned from certificates of deposit and from revenues from the sale of her separate property. After 1981 she anticipated receiving an additional, last payment of $10,-000.00 from the sale of her property, plus approximately $20,000.00 per year interest earned on certificates of deposit. She has other, non-revenue producing property which is burdened with a usufruct in favor of her mother.
Mrs. Thompson is not employed and is responsible for rearing the minor children, the youngest of which is only four years of age.
Mr. Thompson is a highly successful stock broker and financial consultant, with investments in oil properties. His gross income for 1981 exceeded $200,000.00.
Mrs. Thompson sought $4,500.00 per month as support for her minor children, and filed an affidavit reflecting $11,364.69 needed monthly for the support of the children. This affidavit included several items clearly not attributable to the support of the children, which may explain why Mrs. Thompson reduced her demands. It is undisputed that the Thompson family is an affluent one, and that the children are maintained in a high standard of living.
In the case of Ducote v. Dacote, 339 So.2d 835, the Louisiana Supreme Court, in a 1976 decision, held:

"Louisiana Civil Code Article 227 provides that parents have'the obligation to support, maintain, and educate their children. This support shall be granted in proportion to the needs of the child and the circumstances of the parent who is to pay. LSA-C.C. Art. 231. If the parents are divorced and the children are living with their mother, the children are entitled to the same standard of living as if they resided with their father whenever the financial circumstances of the father permit. Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953); Sarpy v. Sarpy, La. App., 323 So.2d 851 (1975), cert. denied, La., 328 So.2d 166 (1976); Phillips v. Phillips, La.App., 319 So.2d 566 (1975).”

Also see Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3rd Cir.1980), writ denied, 383 So.2d 782 (La.1980); Howell v. Howell, 391 So.2d 1304 (La.App. 4th Cir. 1980); Guice v. Guice, 411 So.2d 663 (La. App. 3rd Cir.1982).
The jurisprudence is well settled that the trial court is vested with wide discretion in fixing child support, and the exercise of this discretion will not be disturbed on appeal in the absence of a clear showing of an abuse of discretion. Goux v. Goux, 408 So.2d 30 (La.App. 3rd Cir.1981); Nicolle v. Nicolle, 308 So.2d 377 (La.App. 4th Cir.1975); Fakouri v. Perkins, 322 So.2d 401 (La.App. 3rd Cir.1975); Guice v. Guice, cited Supra; Casselmann v. Zaunbrecher, 430 So.2d 293 (La.App. 3rd Cir.1983); Marra v. Marra, 425 So.2d 969 (La.App. 5th Cir. 1983).
*1346 It has previously been noted that Mrs. Thompson is not employed and has the responsibility for rearing the children. The customary duties performed and services rendered by a mother on a daily basis contributes substantially to the mutual obligation of support. Ducote v. Ducote, cited supra.
Although both parents owe a mutual obligation of support to their children, the trial court was obviously convinced that Mr. Thompson can afford to contribute more money to the support of the children and that Mrs. Thompson’s contribution necessarily included the responsibilities, duties and services of a mother toward her young children.
As aforementioned, the trial court rendered judgment awarding plaintiff an in globo award of child support in the amount of $4,000.00 monthly. Although we consider this award to be high, considering the record we cannot state that such an award for the support of five minor children, accustomed to the standard of living of the children involved in this proceeding, constitutes a clear abuse of the great discretion allowed the trier of fact in such matters. However, the record in this case clearly reflects that, although the parties do in fact have five children, the eldest, Charles David Thompson, Jr., had reached the age of majority prior to the institution of this suit and was therefore not entitled to an award of support under the provisions of LSA-C.C. Art. 227. LSA-C.C.. Art. 37; Dubroc v. Dubroc, 284 So.2d 869 (La.App. 4th Cir. 1973); Demarie v. Demarie, 295 So.2d 229 (La.App. 3rd Cir.1974). It is evident from the record and from his written reasons for judgment that the learned trial judge framed the award based on the erroneous premise that there were five minor children who were entitled to an award of support under C.C. Art. 227. Therefore, although the award in this case is subject to review under the standard that it should not be disturbed absent a showing of clear abuse, it is subject to correction where the in globo award is shown by the record to have been calculated on the basis of the number of children entitled to support and such basis is erroneous. Accordingly, we conclude that a reduction in the amount of $800.00 is warranted and the trial court judgment will be amended so as to reflect this reduction.
For the reasons assigned, the judgment of the trial court is amended so as to reduce the child support award from $4,000.00 to $3,200.00. In all other respects, the judgment appealed from is affirmed. The costs of this appeal are assessed one-half (V2) to plaintiff-appellee and one-half (½) to defendant-appellant.
AFFIRMED AS AMENDED.

. Although the judgment appealed from purports to award custody of the parties’ five minor children to the plaintiff, Louise A. Mouton Thompson, the record reflects that there were only four minor children, the oldest child, Charles David Thompson, Jr., having reached the age of majority before the institution of these proceedings.