499 So.2d 1120 (1986)
Barbara Annette Sims LAGRONE, Plaintiff-Appellee,
v.
Jack Bentely LAGRONE, Defendant-Appellant.
No. 85-1097.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1986.
*1121 Rebecca Robichaux, Raceland, for defendant-appellant.
Patrick Morrow of Morrow & Morrow, Opelousas, for plaintiff-appellee.
Before DOUCET, LABORDE and KNOLL, JJ.
DOUCET, Judge.
Jack Lagrone appeals from a judgment dismissing his rule for a reduction in child support payments. Appellant urges as error the trial court's: (1) failure to find a significant change in circumstances regarding appellant's income; (2) improper consideration of certain expenses as needs of the children; (3) failure to consider appellee's income; and (4) failure to consider the income of appellee's present husband.
On November 5, 1981, after ten years of marriage, the parties were divorced. Three children were born of the marriage: Jack, now age 15; Alicia, now age 13; and Nathan, now age 8. A 1981 consent judgment gave appellee custody of the children and ordered appellant to pay $500.00 a month in child support.
On May 28, 1985, appellant filed a rule to show cause why the consent judgment should not be modified to provide for joint custody of the three children and a reduction in child support payments. Prior to trial, it was agreed that appellee would retain custody of the children.
A mutual obligation of support, maintenance, and education of their children is imposed by law on both parents. The amount of support is determined by the needs of the children and the circumstances of the parents. LSA-C.C. arts. 227, 230 and 231; Marcus v. Burnett, 282 So.2d 122 (La.1973); Bundick v. Dennison, 480 So.2d 458 (La.App. 3rd Cir.1985).
Generally, proof of a change in circumstances is necessary to modify an award of child support made pursuant to a consent judgment. LSA-C.C. art. 232, Aldredge v. Aldredge, 477 So.2d 73 (La.1985).
Appellant testified that his income had dropped from approximately $20,000.00 in 1981 to a gross income of $880.00 a month at the time he filled out his income and expense statement in preparation for trial. At trial, he stated that his income was even less because his hours had been cut at his night-watchman's job. He did admit however, doing odd jobs for which he is paid in cash. He is also raising some cattle from which he may profit in the future. There is however, a $24,000.00 mortgage on the cattle.
Appellant testified that his job changes since 1981 were due to lay offs and the generally depressed economy. He is a welder by trade and stated that he has put in applications for employment at several shipbuilding and fabricating businesses.
He listed his monthly expenses at $980.00. His $500.00 a month in child support was not included as an expense. Appellant testified that he has been forced to borrow money from his mother and his friends to meet his monthly child support obligation.
Appellee, Mrs. Barbara Fontenot, has remarried. She and her present husband have a two year old child of their own. She listed expenses totalling $3,008.00 a month for the whole family. She estimated that *1122 one-half of these expenses were attributable to appellant's three children.
Appellant argues that only the expenses of utilities, rent, car and food should be attributable to the three children. He cites Clooney v. Clooney, 446 So.2d 981 (La.App. 3rd Cir.1984). Clooney does not hold that only those particular expenses are to be considered in determining the needs of children in child support cases. Expenses listed by appellee such as allowances, school supplies, and entertainment are reasonable needs of the children.
Appellant next contends that the monthly expenses for the medical care of the children should not be considered because his hospitalization insurance would pay those bills if appellee would submit them to the insurance company. Considering appellee's testimony that she has paid the premiums for that insurance for the last year and a half, we find the $27.50 per month listed for the children's medical care is a reasonable and necessary expense.
Appellee testified that she is presently unemployed but has worked in the past. She then stated that she had been running her husband's newspaper route since he started his own exterminating business. She works on the newspaper route up to two and a half hours a day, but draws no salary. They gross approximately $500.00 per month, before expenses, from the newspaper route. Appellee also stated that she does the bookkeeping for the exterminating business.
In his reasons for judgment, the trial judge stated, "I do not consider the mother's earnings at issue because they were not at issue at the original hearing nor or [sic] they at issue right now under the facts of this case" (emphasis added). Appellant contends the trial court erred in not considering appellee's income. The income of each parent is part of the totality of circumstances which must be considered by the trial court when determining the amount of support owed by a parent to his or her children. Marcus v. Burnett, supra; Martin v. Brasseaux, 422 So.2d 548 (La. App. 3rd Cir.1982).
Here, appellee draws no salary for her work and so, has no income of her own. We feel this is what the trial court meant when it stated "... under the facts of this case." We find no merit on this contention of error. We also note that the care which appellee provides the three children on a day to day basis contributes substantially to her obligation of support. Ducote v. Ducote, 339 So.2d 835 (La.1976); Thompson v. Thompson, 436 So.2d 1344 (La.App. 3rd Cir.1983), writ granted, reversed on other grounds, 442 So.2d 458 (La.1983). In Ducote the court also held that there was no requirement that the mother seek employment where she had the custody and care of three children, ages 9, 10, and 14.
A trial court is vested with considerable discretion in deciding whether to modify a child support award. Such a decision will be reversed only when a trial court has abused this discretion. Chaudoir v. Chaudoir, 446 So.2d 951 (La.App. 3rd Cir.1984); Richardson v. Richardson, 428 So.2d 1326 (La.App. 3rd Cir.1983); Dupuy v. Dupuy, 421 So.2d 458 (La.App. 3rd Cir.1982). Although appellant's income has been reduced since 1981, we find no abuse of discretion in the trial court's decision that the facts and circumstances did not warrant a reduction in his child support obligation.
Appellant urges, however, that the trial court erred when it refused to allow or consider testimony concerning the earnings of Mrs. Fontenot's present husband. We agree this was error. When a party has remarried, the earnings of that spouse are to be considered in making an award for child support. Such earnings are one aspect of the totality of circumstances. Marcus v. Burnett, supra; Martin v. Brasseaux, supra; Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3rd Cir. 1980). It remains to be decided whether this was reversible error.
We have in the record before us, appellee's income and expense statement listing $1,718.73 in average monthly income. During cross-examination appellee testified *1123 that this figure represented her present husband's income. Neither the $500.00 gross monthly profit from the newspaper route nor the $500.00 a month in child support payments were included in that figure. Considering this $1,000.00 also, we find that the total monthly income of appellee's family is approximately $2,718.73.
If we consider the income of appellee's present husband, his expenses must also be considered as they are part of the totality of circumstances. Therefore, the expenses of appellee's family as a whole, $3,008.00 will be balanced against the income of the family as a whole. In doing so, we find a negative balance of $289.27.
We find that any effect that the income of appellee's husband would have on the totality of circumstances is offset by a consideration of his accompanying expenses. Accordingly, we find that the failure of the trial court to consider, or allow testimony concerning, the earnings of appellee's husband, was harmless error.

DECREE
For the reasons assigned, the judgment of the trial court, dismissing appellant's rule for a reduction in child support, is affirmed. All costs are to be paid by appellant.
AFFIRMED.