501 So.2d 887 (1987)
Evelina Hatch Elfert, Wife of Walter P. ELFERT
v.
Walter P. ELFERT.
No. 86-CA-453.
Court of Appeal of Louisiana, Fifth Circuit.
January 12, 1987.
*888 John H. Brooks, Gretna, for plaintiff-appellee.
J. Morris Dunn, III, Dunn & Rasch, Ltd., Metairie, for defendant-appellant.
Before CHEHARDY, KLIEBERT and BOWES, JJ.
KLIEBERT, Judge.
This is an appeal by Walter Elfert, the father-appellant, from a judgment dated March 17, 1986 increasing the amount of child support he has to pay Evelina Hatch Elfert, the mother-appellee, for his two children, a six year old boy and a ten year old girl, from $550.00 per month to $636.00 per month, subject to a decrease of $40.00 per month in the event child counseling was discontinued. The father contends there was insufficient change in circumstances to increase the award of $550.00 set by another division of the trial court in May 1985. We affirm the judgment of the trial court.
The mother's rule for an increase in child support was predicated on the following increases, since the May 1985 hearing, of the children's support costs: (1) child counseling cost$1,000.00 per year, (2) schooling cost$700.00 per year, and (3) utilities cost$360.00 per year, resulting in a total annual cost increase of $2,060.00. The father's rule for decrease in child support was predicated on an increase to $700.00 per month of the father's house note of $350.00 per month from the time of the first hearing.
The trial judge found there was no increase in the mother's $38,000.00 gross income since the May 1985 hearing, but did find the father had testified to a $13,579.22 income at the May 1985 hearing which was the income basis for the previously set award of $550.00 per month child support and to an $18,079.58 gross income at the latest hearing. Both the mother and father had remarried during the interim between the hearings.
In his reasons for judgment the trial court discounted the husband's increased house note because he found it was an expense attributable to obtaining a larger house for his new family. To arrive at the $86.00 per month increase in the child support award he allotted one-half or $1,030.00 of the increased support cost for the children to the father and one-half to the mother. The amount allotted to the father was divided by twelve and rounded off to $86.00 to arrive at the monthly increase in the amount of the award.
For a trial court to amend a support judgment, the party seeking the increase or decrease must show a substantial change in the circumstances of either party or both, from the time of the previous support judgment. Duhe v. Duhe, 466 So.2d 595 (5th Cir.1985); Scheffler v. Scheffler, 453 So.2d 960 (5th Cir.1984).
In calculating a child support award the trial court must consider the totality of the circumstances, and the award is to be fixed in proportion to the needs of the children and the non-custodial parent's ability to pay. Duhe v. Duhe, supra. The trial court has considerable discretion in fixing the award and his decision should not be disturbed absent a clear abuse of discretion. Dominick v. Dominick, 470 So.2d 314 (5th Cir.1985) writ denied 474 So.2d 948 (La.1985). Upon review of the record, we cannot say the trial judge abused his wide discretion in setting the amount of the support award. We agree with the trial judge that $636.00 is a reasonable child support award under the facts of the case. Accordingly, we affirm the support award set by the trial judge.
AFFIRMED.