510 So.2d 707 (1987)
Joe LEWIS, Jr.
v.
Diane Kaye LEWIS.
No. CA 86 1700.
Court of Appeal of Louisiana, First Circuit.
May 27, 1987.
Rehearing Denied July 20, 1987.
*708 Alan Fishbein, Baton Rouge, for plaintiff-appellant Joe Lewis, Jr.
Lee Herrington, Baton Rouge, for defendant-appellee Diane Kaye Lewis.
Before EDWARDS, WATKINS and LeBLANC, JJ.
LeBLANC, Judge.
Joe Lewis, Jr., appeals a judgment rendered against him increasing the amount of child support payments he must pay to Diane Kaye Lewis for their two minor children and denying his rule to reduce permanent alimony payments. For the following reasons, we affirm the judgment of the trial court.

FACTS
On December 18, 1984, a judgment of divorce was rendered between Joe Lewis, Jr. and Diane Kaye Lewis wherein joint custody of their two minor children, ages 13 and 10, was established, with physical custody of the two minor girls to be with Diane Lewis, subject to reasonable visitation of Joe Lewis, Jr. Mr. Lewis was ordered to pay alimony of $1,000.00 and child support of $300.00 per month.
On July 18, 1986, Mrs. Lewis filed a rule for increase in alimony and child support, alimony and child support arrearages, and to terminate joint custody and implement sole custody. Prior to trial, Mrs. Lewis dismissed the claim for arrearages. Mr. Lewis filed a counter-rule seeking to terminate or reduce alimony from $1,000.00 to $50.00 per month.
This matter was tried on October 14, 1986, with judgment being rendered on November 3, 1986. The judgment denied the rule filed by Mrs. Lewis seeking an increase in alimony and the implementation of sole custody, as well as denying the rule for decrease in alimony which was filed by Mr. Lewis. The court awarded Mrs. Lewis an increase in child support of $300.00 to $600.00 per month commencing November 1, 1986.
From that judgment, Joe Lewis Jr. appeals with two assignments of error:
(1) The trial court erred in awarding an increase in child support.
(2) The trial court erred in denying appellant a reduction or termination of alimony as prayed for.

Assignment of Error No. 1:
Appellant contends that Diane Lewis failed to prove a change in circumstances sufficient to warrant an increase in child support.
It is a settled rule of law that for a trial court to amend a support order, the party seeking the increase or decrease must *709 show a substantial change in the circumstances of either party or both, from the time of the previous support judgment. La.R.S. 9:311, Elfert v. Elfert, 501 So.2d 887 (La.App. 5th Cir.1987).
In calculating a child support award, the court must consider the totality of the circumstances, and the award is to be fixed in proportion to the needs of the children and the non-custodial parent's ability to pay. Elfert v. Elfert, supra. Although inflation is insufficient alone to justify an increase in a child support award, it is one of the factors which the trial court considers in granting an increase. St. Romain v. St. Romain, 473 So.2d 390 (La. App. 3d Cir.1985). In addition to inflation, the court should consider utilities, rent, car, food, allowances, school supplies and entertainment among other things. Lagrone v. Lagrone, 499 So.2d 1120 (La.App. 3d Cir. 1986).
The trial court heard Mrs. Lewis testify as to the increased cost of everyday life due to inflation as well as the increased ages of the children. When the original child support award was made in 1984, the two girls were 13 and 10 years old. When the rule was filed, the girls had increased in ages to 15 and 12 years old. The evidence submitted to the trial court establishes that the school tuition of the children increased from $264.00 to $346.00 monthly which is over half of the monthly support payments awarded by the trial court. The family automobile had to be replaced; therefore, automobile costs for Mrs. Lewis and the two children had increased from the original support award in 1984.
The trial court must also consider the income of each parent in evaluating the totality of circumstances when determining the amount of support owed by a parent to his or her children. Lagrone v. Lagrone, supra. Mrs. Lewis is a pre-school teacher at Parkview Baptist School earning $730.00 per month with a net monthly income of $600.00 per month. She has full physical custody of the children except for the one or two nights a month that Mr. Lewis takes care of the girls. We note that the care which appellee provides the two children on a day to day basis contributes substantially to her obligation of support. Ducote v. Ducote, 339 So.2d 835 (La.1976).
On the other hand, Mr. Lewis is a salesman with the IBM Corporation earning approximately $4,560.00 per month from his base salary and commissions.
A trial court is vested with considerable discretion in deciding whether to modify a child support award. Such discretion will be reversed only when a trial court has abused this discretion. Elfert v. Elfert, supra.
Upon review of the record, we cannot say the trial court abused its wide discretion in awarding an increase of child support payments from $300.00 to $600.00 per month. We agree that $600.00 is a reasonable child support award under the facts of this case; therefore, this assignment of error is without merits.

Assignment of Error No. 2:
Appellant contends the trial court erred in denying his rule to decrease alimony from $1,000.00 per month to $50.00 per month. We do not agree.
The party who seeks a modification of an alimony award must show a change in circumstances of one of the parties from the time the alimony was fixed. Gaidry v. Gaidry, 481 So.2d 706 (La.App. 1st Cir. 1985). Further, a trial court is afforded great discretion in making alimony determinations and its ruling in that respect will not be disturbed absent manifest abuse of discretion. Dugas v. Dugas, 428 So.2d 1059 (La.App. 1st Cir.1983).
Evidence adduced at trial indicate that Diane Kaye Lewis no longer has the $25,000.00 settlement she received from a personal injury award, nor does she have the IRA of $1,500.00 or the IBM stock she received in the community property settlement, for these items were used to support the two minor children. She now earns approximately $600.00 as a pre-school teacher which may be a slight increase over the amount she earned as a part-time employee at Susan Pierson's. Under these facts, we do not find sufficient change of circumstances to allow the alimony award to be reduced.
*710 However, Mr. Lewis contends that he has had sufficient change in circumstances to merit a reduction in the alimony award. Mr. Lewis contends he has had a dramatic decrease in income in 1985 and 1986. In 1984, Mr. Lewis earned approximately $71,566.00 in adjusted gross income. For the first eight months in 1986, Mr. Lewis earned approximately $44,367.36 for an average of $5,545.92 per month. Over a twelve month period, this would equal approximately $66,551.04 which is a decrease from $71,566.00 he earned at the time of the original award in 1984. However in 1985, Mr. Lewis remarried and although a separate property regime was entered into, the court could consider the $12,000.00 a year income of his new wife since she has the joint obligation to contribute to their support and living expenses. Finley v. Finley, 305 So.2d 654 (La.App. 1st Cir. 1974). When the court considers both the $66,551.04 income of Mr. Lewis and the $12,000.00 earned by the new Mrs. Lewis, the total is $78,551.04 which is higher than Mr. Lewis' income in 1984.
After a thorough review of the record, we cannot say the trial court erred in finding insufficient change in circumstances to warrant a reduction of alimony payments; therefore, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.