541 So.2d 403 (1989)
Sharon McCoy, Wife of Mark DUFFY
v.
Mark DUFFY.
No. 88-CA-1646.
Court of Appeal of Louisiana, Fourth Circuit.
March 30, 1989.
*404 Leroy A. Hartley, New Orleans, for appellee.
Patricia Maureen Joyce, New Orleans, for appellant.
Before BARRY, BYRNES and LOBRANO, JJ.
BYRNES, Judge.
Plaintiff appeals the denial of a rule for an increase in child support, a rule for medical expenses and a rule for contempt. Finding no error by the trial court, we affirm.
Sharon McCoy, plaintiff-in-rule, and Mark Duffy, defendant-in-rule, were divorced in 1975. Of their marriage two children were born, Daren and Daryl. In 1985, Sharon McCoy, who then had custody of the children, was awarded an increase in child support from $300.00 per month to $350.00 per month per child and Mark Duffy was ordered to pay one-half of any school and medical expenses incurred for the children. On September 3, 1987, Sharon McCoy filed a rule for an increase in child support, a rule for past due medical expenses and a rule for contempt. These rules pertained only to Daryl as Daren was eighteen years of age by that time. All were denied by the trial court. Sharon McCoy appeals.
Appellant first argues that the trial court erred in denying the rule to increase child support. She alleges the following are changes in circumstances which merit an increase in support. Daryl's medical expenses have increased as he is now an inpatient at River Oaks Hospital. His automobile, which he needs to get to school each day, requires maintenance and insurance. Because he is a high school senior his school expenses have increased. He has incurred attorney's fees incidental to delinquency proceedings filed against him. She is now separated from her second husband, Ronald Epdegraft, and, therefore, incurs additional expenses such as rent, utilities, insurance and clothing costs. She is now responsible for expenses incurred by Daryl which her second husband previously paid.
La.R.S. 9:311(A) provides that an award for support shall not be increased unless the party seeking the increase shows a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award. To obtain an increase, claimant must show a substantial change in circumstances, Ducote v. Ducote, 339 So.2d 835 (La.1976); Stagg v. Stagg, 436 So.2d 1202 (La.App. 4th Cir.1983), writ denied 442 So.2d 453, and has the burden of proving that a change is warranted. Thompson v. Thompson, 466 So.2d 750 (La.App. 4th Cir.1985). The trial court has considerable discretion in setting child support, and such awards will not be disturbed on appeal unless there exists a clear abuse of discretion. Ducree v. Thomas, 415 So. 2d 1009 (La.App. 4th Cir.1982).
We find no abuse of discretion by the trial judge in denying an increase in child support. The facts presented by *405 plaintiff indicate a drastic increase in medical expenses due to necessary mental health care. Most of these costs, however, are covered by insurance. Therefore, ordering the father to continue to pay one-half of medical expenses is not an abuse of discretion. Similarly, the additional school expenses incidental to Daryl's senior year all covered by the 1985 order under which appellee is obligated to pay one-half of all school costs. Appellant further alleges her monthly expenses have increased because she is now separated from her second husband. She, however, failed to show as alleged that that separation resulted in higher maintenance costs for her son. Appellant has, thus, failed to prove a substantial change in circumstances and the trial judge properly denied her rule to increase child support.
Appellant further contends Mark Duffy is in violation of the 1985 support order in that he has failed to pay one-half of the medical expenses incurred by Daryl in a timely fashion. She argues that he held bills for several months before paying them. The evidence is sufficient to support the trial court's findings of no violation of the prior judgment and no contempt. No definite time in which defendant was to pay these expenses was included in the order. Therefore, a reasonable time standard is appropriate. Holding the bills pending a response from an insurer is not unreasonable considering the fact that appellant held the bills several months before submitting them to appellee. Therefore, the court correctly denied the rule for contempt and motion for attorney's fees.
Appellant argues that the admission of testimony relating to custody was improper. We decline to reach that issue because if such was improper, it was harmless error as no prejudice has been shown by appellant.
Finally, appellant argues that the trial judge improperly granted a motion for directed verdict at the close of her case.
La.C.C.P. art. 1672 provides that in an action tried without a jury, after the plaintiff has completed the presentation of his evidence, any party, may move for a dismissal of the action on the ground that upon the facts and law, the plaintiff has shown no right to relief. Considering the foregoing resolution of other issues raised by appellant, this issue is moot. Further, the fact that the trial judge stated, "I will entertain a motion for a directed verdict," prior to defendant moving for a directed verdict does not constitute reversible error. If such was improper, it constitutes merely harmless error.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against appellant, Sharon McCoy.
AFFIRMED.