569 So.2d 127 (1990)
Mary Kathryn Heroman PHILLIPS
v.
Rawlston David PHILLIPS, Jr.
No. CA 89 1040.
Court of Appeal of Louisiana, First Circuit.
October 16, 1990.
Alan S. Fishbein, Baton Rouge, for plaintiff-appellee Mary K.H. Phillips.
Charles S. McCowan, Jr., Baton Rouge, for defendant-appellant Rawlson D. Phillips, Jr.
Before COVINGTON, C.J., and LANIER and ALFORD, JJ.
ALFORD, Judge.
The issue presented on appeal is whether the trial court sufficiently reduced appellant's child support obligation in light of his financial situation.
A judgment of separation was signed on May 9, 1988, as to Mary Kathryn Heroman Phillips and Ralston "Buddy" David Phillips, Jr. Joint custody was granted of the parties' three minor children, with Mrs. Phillips designated as the domiciliary parent. The May 9, 1988 judgment further provided for payment of child support by Mr. Phillips in the amount of $1,800.00 ($600.00 per child) per month for the months of August through May of each year and $900.00 ($300.00 per child) per month for the months of June, July and August. Mr. Phillips was also ordered to pay: all tuition and school expenses, all medical and psychological expenses incurred during the separation, and all medical, dental and psychological expenses not covered by the insurance he was to maintain after the judgment of divorce. Mr. Phillips was further ordered to execute a will containing an irrevocable provision directing that ownership of the Virginia Soulier Phillips 1973 Trust be conveyed to his children, subject to the terms of the trust. The May, 1988 judgment also contained provisions as to the effect of future changes of income of the parties on the award of child support: a decrease in Mr. Phillips' or the children's trust income would not be deemed a basis for reduction of child support; and, Mrs. Phillips could earn up to $1,100.00 per month (gross) without it being deemed a basis for reducing child support. Additionally, Mrs. Phillips was awarded a lump sum of $20,000.00 in alimony.
On November 28, 1988, Mr. Phillips sought reduction of the amount of child support. Judgment was signed on March 13, 1989, decreeing a divorce between the *128 parties and reducing Mr. Phillips' child support obligation to $1,500.00 per month. That judgment was amended on April 3, 1989, with respect to the child support award, to reflect that during June, July, and August, the amount of child support owed is $900.00 per month ($300.00 per child). The April 3, 1989 judgment continued in force the remaining provisions of the May 9, 1988 judgment and recognized that the issues of custody and visitation remained to be litigated.
Mr. Phillips has appealed from the trial court decision making the following assignments of error:
1. The lower court erred in failing to substantially reduce Mr. Phillips' child support payments in view of the drastic and adverse changes in appellant's financial circumstances.
2. The lower court erred in failing to substantially reduce Mr. Phillips' child support payments in view of Mrs. Phillips' net earnings per month.
3. The lower court erred in failing to substantially reduce Mr. Phillips' child support payments in view of the fact that Mrs. Phillips did not provide cancelled checks and receipts to verify her expenses.
In order for a trial court to amend a support order, a substantial[1] change in the circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award must be shown. La.R.S. 9:311; Lewis v. Lewis, 510 So.2d 707 (La.App. 1st Cir.), writ denied, 513 So.2d 1213 (La.1987); Sanford v. Sanford, 468 So.2d 844 (La. App. 1st Cir.1985); Durbin v. Durbin, 424 So.2d 1130 (La.App. 1st Cir.1982); Nelms v. Nelms, 413 So.2d 1341 (La.App. 1st Cir.), writ denied, 415 So.2d 944 (La.1982). See also Mitchell v. Mitchell, 543 So.2d 128 (La.App. 2d Cir.1989); Duffy v. Duffy, 541 So.2d 403 (La.App. 4th Cir.1989). Children are to be maintained at the same standard of living which would be provided them if they were living with the non-custodial parent. Sanford v. Sanford, 468 So.2d at 846; Pittman v. Pittman, 418 So.2d 23 (La.App. 1st Cir.), writ denied, 423 So.2d 1140 (La. 1982); Nelms v. Nelms, 413 So.2d at 1342. The amount of child support is determined by the wants[2] of the child and the circumstances of the parent who is to pay. La. C.C. art. 231; Lewis v. Lewis, 510 So.2d at 709; Nelms v. Nelms, 413 So.2d at 1342. Therefore, in arriving at an award of child support, the totality of relevant circumstances involved must be considered. Seal v. Bell, 464 So.2d 1026, 1029 (La.App. 1st Cir.1985). Further, the trial judge is given great discretion in either granting or modifying an award of child support and his judgment will not be set aside or amended unless a clear abuse of that discretion is shown. Lewis v. Lewis, 510 So.2d at 709; Seal v. Bell, 464 So.2d 1026 (La.App. 1st Cir.1985); Durbin v. Durbin, 424 So.2d at 1132.
Mrs. Phillips testified at trial that she receives a net monthly income of $1,186.00. She also testified that the monthly expenses for herself and her three children total $3,425.00. Although Mrs. Phillips was unable to produce receipts or cancelled checks to verify these expenses, a trial court is entitled to accept uncontroverted *129 testimony as true. Deaton v. Deaton, 393 So.2d 408 (La.App. 1st Cir.1980).
Mr. Phillips did not testify as to his income and expenses on a monthly basis, but rather, by way of his yearly financial statement. Mr. Phillips derives his livelihood from his family farm, Beaulieu Plantation, and family owned companies, Sun Plus, Inc., R and R Partnership, and S and B Partnership. Although Mr. Phillips apparently does not receive a fixed salary from these ventures, his most recent financial statement indicates that he is owed approximately $400,000.00 from these businesses. However, his testimony reflects that he also has substantial debts. Mr. Phillips testified that his financial statement dated January 1, 1988, reflected his net worth at that time of 6.3 million dollars. Mr. Phillips qualified the financial statement indicating it was a "fluff statement" which would be accurate only if favorable market conditions existed, which were not in existence at the time of his testimony. Mr. Phillips testified that since this financial statement was prepared he has suffered a decrease in oil and gas royalties, loss of income from rental properties, a decrease in value of certain property, and a negative income of approximately $80,000.00.
Mr. Phillips' C.P.A., James M. McQueen, testified that Mr. Phillips' net worth at the time of trial, was approximately $640,000.00, as reflected on his financial statement dated December 31, 1988. Although the December, 1988 financial statement listed lower values for certain assets as compared to the January, 1988 statement, Mr. Phillips testified that the property had not been re-appraised during the interim. The differences in statements were attributed to use of market values on the earlier statement as compared to the cash cost values which were used on the December statement. Mr. Phillips testified that he currently uses a line of credit at City National Bank to meet his personal living expenses and child support obligations.
When apportioning the mutual child support obligation between the parents, the court may consider and order payment from either or both the assets and the income of each parent. Osborne v. Osborne, 512 So.2d 645 (La.App. 2d Cir.1987). While Mr. Phillips may be experiencing a negative income at the present time, the evidence supports the trial court conclusion that he has sufficient assets and resources to meet a child support obligation of $1,500.00 per month. Therefore, we are unable to say that the trial court abused its discretion in refusing to lower child support payments to $900.00 per month.
With regard to appellants' remaining assignment of error, we are unable to find that the trial court failed to give adequate consideration to the earnings of Mrs. Phillips. The trial court could properly have found that Mrs. Philips' modest salary increase did not warrant a change in the child support obligation owed by Mr. Phillips considering the circumstances of the parties.
Accordingly, the judgment of the trial court is affirmed; all costs of this appeal are to be borne by appellant herein.
AFFIRMED.
NOTES
[1] It has been suggested that the enactment of La.R.S. 9:311 (added by Acts 1985, No. 41, § 1) wherein it is stated that an award of support shall not be modified unless a "change in circumstances" is shown, was a legislative departure from prior jurisprudence holding that a "substantial" change in circumstances was required. Kaye v. Kaye, 558 So.2d 1352 (La.App. 4th Cir.1990), while not specifically addressing the issue, holds that:

Once the obligor spouse proves a change in circumstances, he is presumed to be entitled to a reduction in his support obligations. The burden then shifts to the party opposing the reduction to either disprove the change in circumstances alleged by the obligor or otherwise overcome the presumption that the obligor is entitled to a reduction by proving that the change was caused by the obligor's own voluntary actions or by proving other facts mitigating against the reduction.
Under the facts of the case sub judice, we find it unnecessary to decide this issue, as there are factors herein mitigating against a reduction of child support even though a change in circumstances was shown.
[2] We note with interest that Pittman v. Pittman, 418 So.2d at 24, considered only the "needs" of the child as opposed to his "wants".