PLOTKIN, Judge.
Appellant Curtis Lemoine appeals the denial of his cross motion to decrease child support and the grant of appellee’s motion to increase child support to $1,300 per month retroactive to October 1, 1989.
Appellee Pamela Lemoine sought an increase in child support for Alicia Lemoine, which was at that time set by consent at $750 per month. The parties have joint custody of the child; however, she is domiciled with her mother.
On October 20, 1989, all motions were consolidated and tried. On June 21, 1990, the Court denied Appellant’s motion to decrease and granted Appellee’s motion to increase. On June 25, 1990, the Court rendered a supplemental judgment ordering Curtis Lemoine to pay the tuition, school expenses, hospitalization, and medical expenses of the minor child.

Facts:

During trial, Mr. Lemoine testified that he is the sole owner of Southern Coating and Waterproofing, Inc. and that he received a gross salary of $5,000 per month and a net after-taxes income of $4,494.92 per month. He also admitted owning the building in which the corporation is housed and stated that he receives $2,000 per month rent from the corporation, out of which he pays a mortgage note installment of $1,200 per month. Mr. Lemoine acknowledged the use of corporate credit cards for gas and travel. He had the unrestricted use of a Chevrolet Blazer and a leased Porsche paid for by the company.
Mr. Lemoine further testified that Southern Coating and Waterproofing, Inc. had a gross income of $3.2 million in 1987. Its gross income in the year preceding the hearing, 1988, was between $2.5 and $2.6 million, and he believed the company did better in 1989. Mr. Lemoine also testified to several other income benefits, alluding to the fact that he receives a very comfortable and substantial income.
Some confusion and controversy arose regarding Mr. Lemoine’s annual income. It is apparent from testimony that Mr. Lemoine has made loans from his company on at least two different occasions in amounts close to $50,000. In dispute is whether the money should be considered additional income acquired by Mr. Lemoine as a bonus, or rather, interest-free loans advanced to him by his company. In an earlier deposition, Mr. Lemoine stated that the money was a bonus. However, at trial, Mr. Lemoine stated that the money was an interest-free loan provided to him by his company. It was later learned that the bonus was converted into a loan for tax purposes. The significance is that in 1988, Mr. Lemoine reported only $73,302 of his $122,487 as income.
It is obvious that Mr. Lemoine is able to manipulate the records of his company to disguise and regulate his actual income. He stated that:
I know I needed $50,000 to pay expenses to community debts. I knew where I could get it, and I took it. It didn’t matter to me whether it was gonna be a loan or a bonus.

Issues:

The first issue is whether La.R.S. 9:315 et seq., as added by Acts 1989, 2d Ex.Sess., No. 9, § 1, is applicable to this action. If so, the Appellant contends that the Trial Judge erred because he failed to follow the provisions of La.R.S. 9:315.1(B), which requires the Court to give oral or written reasons if it deviates from the guidelines *952 set forth in LSA-R.S. 9:315-315.15. The statute requires that the reasons be made part of the record of the proceedings.
The second issue is whether the child support award imposed upon Mr. Lemoine was reasonable.

Discussion:

In order to address the issues, it is necessary to examine LSA-R.S. 9:315.1(A), which states as follows:
The guidelines set forth in this Part are to be used in any proceeding to establish or modify child support filed on or after October 1, 1989. There shall be a rebut-table presumption that the amount of child support obtained by use of the guidelines set forth in this Part is the proper amount of child support.
Pam Lemoine’s most recent motion to increase child support was filed on May 23, 1989. Curtis Lemoine’s rule to decrease child support was filed on June 13, 1989. Both dates were prior to the effective date of La.R.S. 9:315.1(A). Considering this, the Trial Court was not required to follow the guidelines established in LSA-R.S. 9:315-315.15 in deciding this matter. Specifically, the Trial Judge was under no obligation to furnish written or oral reasons pursuant to La.R.S. 9:315.1(B) because this statutory provision was not in effect when the motions were filed.
Under the law in effect prior to the 1989 Act, children are to be maintained at the same standard of living which would be provided them if they were living with the non-custodial parent, who is obligated to provide support in the form of a money award. Sanford v. Sanford, 468 So.2d 844, 846 (La.App. 1st Cir.1985); Pittman v. Pittman, 418 So.2d 23 (La.App. 1 Cir.), writ denied, 423 So.2d 1140 (La.1982); Nelms v. Nelms, 413 So.2d 1341, 1342 (La. App. 1st Cir.), writ denied, 415 So.2d 944 (La.1982). The amount of the award is to be determined by a consideration of the wants of the child and the circumstances of the non-custodial parent who is to pay a support award. Lewis v. Lewis, 510 So.2d 707, 709 (La.App. 1st Cir.), writ denied, 513 So.2d 1213 (La.1987); Nelms v. Nelms, supra.
The evidence in this case shows that the child was not being provided with the same standard of living she received while living with her father. Further, the trial record is replete with evidence establishing Mr. Lemoine’s wealth and the needs of the minor child, which justify the award of $1,300 per month.
For the reasons above, the Trial Court’s judgment is affirmed. All costs are assessed to the Appellant.
AFFIRMED.