BYRNES, Judge.
Kevin Barkmeyer apppeals the trial court’s judgment granting Cheryl Johnson’s rule to increase alimony, and denying his rule to establish child support. We affirm.
The Barkemeyers were divorced by judgement dated June 25,1987. They were granted joint custody of their minor child Brandi with Mr. Barkemeyer designated as the primary physical custodial parent. In January 1988, Ms. Johnson filed suit for to obtain permanent alimony. On January 29, 1988, the trial court granted her pérmanent alimony in the amount of $300.00 per month. On June 24, 1988, she filed a rule to increase the permanent alimony. On January 17, 1989, Mr. Barkemeyer filed a rule to establish child support. On February 2, 1989 the trial court granted Ms. Johnson’s rule, increasing alimony to $425.00 per month. The court also denied Mr. Barkemeyer’s request for child support. He appeals from that judgement.
*552 Mr. Barkemeyer contends that the trial court abused its discretion in increasing Ms. Johnson’s permanent alimony from $300.00 to $425.00 per month. A party seeking to modify an award of alimony must show a change in circumstances of one of the parties occurring since the alimony was fixed. Kirby v. Kirby, 579 So.2d 508 (La.App. 4th Cir.1991). A trial court possesses broad discretion in making the determination to modify the alimony award and the judgement will not be disturbed absent clear error. Gibson v. Gibson, 464 So.2d 914 (La.App. 4th Cir 1985).
At the hearing to establish the initial permanent alimony award, the trial court determined that Mr. Barkemeyer’s yearly income was approximately $25,000.00. Ms. Johnson, who suffers from multiple sclerosis, was determined to be unemployable but received monthly Social Security disability benefits of $359.00, from which $17.90 was deducted for medicare benefits. At the hearing to modify the alimony, the trial court concluded that Mr. Barkemeyer had an increase in yearly income of $1,600.00. Also, Ms. Johnson’s monthly benefits increased to $407.00, minus the increased medicare deduction of $31.00. Her physician, Dr. Cook, testified that Ms. Johnson began receiving monthly chemotherapy treatments in July, 1988, on an inpatient basis and that the therapy would continue for an indefinite period of time. Also, Dr. Cook testified that Ms. Johnson might be unemployable for the rest of her life. Ms. Johnson produced the chemotherapy bills from Southern Baptist Hospital with an outstanding balance of $3,506.98.
A spouse is entitled to sufficient means for maintenance which includes not only necessities such as food, clothing and shelter, but also includes medical and drug expenses. Jordan v. Jordan, 432 So.2d 314 (La.App. 4th Cir.1983). Ms. Johnson showed that she had a change in her financial circumstances due to the cost of the chemotherapy treatments, and that Mr. Barkemeyer had a increase in income which could be used in meeting this increased monthly obligation. Considering the evidence and testimony of the parties, we can not find that the trial court abused its discretion in increasing Ms. Johnson’s permanent alimony.
Secondly, Mr. Barkemeyer contends the trial court erred in denying his rule to establish child support. Parents, by their act of marrying, contract together the obligation of supporting, maintaining, and educating their children. La.C.C. art. 227. Generally the custodial parent has the right to seek child support from the non-custodial spouse for financial assistance in the maintenance of the children. In calculating the child support award, the court must consider the totality of the circumstances, and the award is determined according to the needs of the children and the noncustodial parent’s ability to pay. Lewis v. Lewis, 510 So.2d 707 (La.App. 1st Cir.1987). The trial court must consider the income of each parent in evaluating the totality of circumstances when determining the amount of support owed by a parent to his or her child. Lewis, supra. In this case, Mr. Barkemeyer’s yearly income is approximately $26,600.00. Ms. Johnson receives her monthly disability benefits of $376.00 after medicare deduction, and the monthly alimony payment for $425.00, for a total of $801.00. In addition, she receives $181.00 from Social Security benefits on behalf of their daughter. She testified that she spent approximately $81.00 on Brandi per month, and she places the remaining $100 in a savings account for Brandi’s future education. Mr. Barkemeyer failed to show that his daughter was in need or that there was an increase in his expenses or the expenses of his daughter Brandi.
The trial court is vested with considerable discretion in deciding whether to grant an award of child support, and will only be reversed on an abuse of that discretion. Lewis v. Lewis, 510 So.2d 707 (La.App. 1 Cir.1987); Elfert v. Elfert, 501 So.2d 887 (La.App. 5 Cir.1987). Upon review of this record, especially noting Ms. Johnson’s medical disability and limited benefits, we can not find that the trial court abused its discretion in denying the rule to establish child support.
*553 Accordingly, the judgement of the trial court is affirmed.
AFFIRMED.