617 So.2d 201 (1993)
Ronald J. PELTIER, Plaintiff-Appellant,
v.
Anne Champagne PELTIER, Defendant-Appellee.
No. 92-540.
Court of Appeal of Louisiana, Third Circuit.
April 7, 1993.
*202 Chester R. Cedars, Breaux Bridge, for Ronald J. Peltier.
Gordie Ray White, New Iberia, for Anne C. Peltier.
Before DOUCET, YELVERTON and COOKS, JJ.
YELVERTON, Judge.
The mother filed a rule for an increase in child support from the father. The trial court found that a substantial change in circumstances had occurred since the original judgment for divorce and ordered an increase in the support payments from $350 to $538.25. We reverse.

FACTS
Ronald J. Peltier obtained a divorce from Anne Champagne Peltier in 1987. The judgment ordered Ronald to pay $350 per month child support for the couple's two children, Gentry and Tracie, who were then twelve and three years old respectively. The award was in globo. The judgment also ordered Ronald to provide hospitalization coverage for the minor children inclusive of dental and prescription needs. Ronald has complied with the support judgment.
In July 1991 Anne filed a rule alleging that there had been a substantial change in circumstances since the original child support award and asked for an increase. Anne claimed that one change in circumstances was that Tracie, who by this time was nine years old, was experiencing academic difficulties in public school and had to be enrolled in a private school so that she could get "more attention." Tracie also needed the services of a private tutor which Anne believed would be necessary for a minimum of one year. Anne testified that the private school tuition was $242.52 per month and estimated that the tutoring would cost $200 a month. Additionally, Anne submitted a document from Tracie's orthodontist which recommended treatment for various dental alignment and structural problems.
At the time of the original child support award, Anne was not employed and had no income or assets. Since then, however, her financial condition has improved. She is employed earning $1,123.37 per month. Also, she owns an investment given to her by her parents which produces income of $246 per month. Another benefit, Anne testified, was that she would no longer have to provide for eighteen-year-old Gentry because of his recent enlistment in the Army. Finally, she testified that she and Tracie were living in a small home, rent free, with no homeowner insurance or residential tax expenses.
Since the original child support award, Ronald's income has not changed.

TRIAL COURT DECISION
The trial court found that Ronald's monthly income was $4,000 and Anne's was $1,300. The court found that a change in circumstances, which included the enactment of the child support guidelines, had occurred sufficient to increase the support obligation for Tracie. By applying the LSA-R.S. 9:315 child support guidelines, it raised Ronald's monthly child support obligation from $350 to $538.25. The court further ordered Ronald to maintain his current medical insurance policy, which covered the children's medical needs including dental, that was in effect at the time of judgment. During trial, Ronald's lawyer had stipulated that Ronald would pay for all of Tracie's dental and orthodontist expenses that would not be covered by insurance. This stipulation was entered into the judgment.
Ronald claims that the trial court erred in finding that Anne has proved a substantial change in circumstances. We agree.

OPINION
LSA-R.S. 9:311 A provides that an award for support shall not be modified unless the party seeking the modification shows a change in circumstances in one of the parties since the last award. The change in circumstances must be substantial. Crowder *203 v. Crowder, 595 So.2d 810, 811 (La. App. 2d Cir.1992).

I. CHANGE IN CIRCUMSTANCES
The original judgment of $350 per month for child support was entered prior to the enactment of the La.R.S. 9:315 guidelines. La.R.S. 9:315.11 provides that the enactment of the guidelines shall not itself give rise to a change in circumstances. In its oral reasons for judgment, the trial court stated the following:
There have been substantial changes as far as the Court's concerned, but not the least of whichand I kept it in the back of my mindis the fact that we now have a schedule by which I have bound myself anyway believing that the law requires me to go by that schedule substantially.
This statement demonstrates that the trial court considered that the enactment of the guidelines itself gave rise to a change of circumstances on which to base a child support increase. This was error.
Anne concedes that the enactment of the guidelines cannot be considered as a substantial change. However, she notes that the trial court's statement refers to "changes." Thus, she argues that there were other changes besides the enactment of the guidelines which warrant an increase in child support. She relies on Tracie's orthodontist needs and increased educational expenses as the specific changes. We now examine each of these alleged changes individually.

A. ORTHODONTIST EXPENSES
The original divorce judgment in part ordered Ronald to maintain the children's dental insurance. Ronald's compliance in the past was not disputed. In fact, Ronald's pay stubs in evidence showed a regular deduction for dental insurance. If an increase in a child's medical costs is already covered by insurance, then the increase does not give rise to a substantial change in circumstances. See Duffy v. Duffy, 541 So.2d 403, 405 (La.App. 4th Cir.1989). This rule, coupled with the agreed-upon stipulation that Ronald would pay all of Tracie's dental expenses not covered by insurance, establishes that Tracie's orthodontist needs do not constitute a substantial change in circumstances.

B. EDUCATIONAL EXPENSES
The trial court characterized Tracie's tuition and tutoring costs as "normal." Thus, we infer that it did not consider them to be a substantial change in circumstances.
We do not necessarily agree with this characterization. However, we note that Ronald's monthly income of $4,000 a month has not changed since the 1987 child support award. Anne's, on the other hand, has increased by $1,300 a month. In view of Anne's improved financial condition, we do not consider the educational expenses a substantial change in circumstance. In Knoepfler v. Knoepfler, 553 So.2d 1031, 1033 (La.App. 4th Cir.1989), a reduction in children's educational expenses was found not to warrant a change in circumstances when other living expenses increased. In our case, Anne's improved financial condition balances the increase in Tracie's educational costs.

C. RONALD'S FINANCIAL CONDITION
Before Anne brought the present action, Ronald remarried and now supports two more children. Anne argues that his second wife's income (roughly $1,000 per month) has enabled Ronald to pay more child support and, therefore, should be considered a substantial change in circumstances.
When Anne filed her rule, La.R.S. 9:315(6)(c) provided that a court may consider the benefits that a party derives from remarriage when deciding whether to alter a previous award for support.
The trial court in the present case did not specifically address this issue. Ronald testified that his second wife's income was separate and that none of it went toward reducing his living expenses. The record contains no evidence to the contrary. Therefore, the record does not support a *204 finding that Ronald derived a benefit from his remarriage that can be considered income. We conclude that there has been no change in Ronald's financial condition.
In sum, our review of the record reveals no substantial change in circumstances of one of the parties that warrants an increase in child support. We reverse the increase.

II. OFFSET AGAINST FUTURE PAYMENTS
La.C.C.P. art. 3943 allows no suspensive appeals from alimony awards. Alimony includes child support. Verrett v. Verrett, 397 So.2d 840, 841 (La.App. 4th Cir.1981). Since the trial court erred in raising Ronald's payments, Ronald has been overpaying from the date of the trial court's judgment. Accordingly, he seeks an offset against future payments to make up for what he has overpaid.
If a court of appeal makes a de novo determination on the merits that alimony should be modified, its decision is governed by LSA-R.S. 9:310. Hogan v. Hogan, 549 So.2d 267, 274 (La.1989). La. R.S. 9:310 A makes an award for support retroactive to the filing date of the petition for the award sought. However, La.R.S. 9:310 C provides that if an appellate court finds "good cause" for not making the award retroactive, then it may fix the date such award shall become due. The burden of showing good cause is on the party who opposes a retroactive award. Broussard v. Broussard, 532 So.2d 281 (La.App. 3d Cir. 1988).
In the case before us, Anne opposes a retroactive reduction of the trial court's award. Tracie's increased educational expenses, especially the temporary tutoring expense, might be said to support a nonretroactive reduction. This, however, is not the main reason for our decision not to allow an offset.
The receipt of an additional $188.25 a month for the 12 months this case has been on appeal has been a benefit to the child Tracie. We have no way of knowing whether Tracie's mother has saved against the rainy day of a reversal. The probabilities are that she has not. On the other hand, we expect that Ronald has complied with his burden, and faithfully paid the increased amount even at some sacrifice. We have found that he did not owe it. Simple justice between equal parties would require full restitution. But it is hard to make allowances or corrections to reduce a child and its parent to a common standard. If the child is enriched, we can hardly say it is an unjust enrichment. If we allow an offset against future child support to compensate Ronald for his overpayments, we would have to do so at the expense of reducing support payments, for a time, below the amount set in 1987. To deprive the child of this minimum amount, for any time, is just cause for us to decline to reimburse.

DISPOSITION
For the above reasons, the judgment of the trial court is reversed. When the judgment of this court becomes final, child support payments will revert to $350 per month. Appellee will pay the costs of this appeal.
REVERSED.