CUTRER, Judge.
MOTION TO DISMISS
The defendant-appellee, Doctor B. Cason Delahoussaye, Jr., moves to dismiss the appeal of plaintiff-appellant, Symantha Leger, on the ground that Leger has voluntarily and unconditionally acquiesced in the judgment thereby abandoning her right of appeal.
Leger filed suit against Doctor Delahous-saye seeking damages for an intentional tort. Doctor Delahoussaye filed an exception of prematurity in May of 1982. On August 18, 1983, after the submission of multiple memorandums directed to the exception by both parties the trial court sustained the exception of prematurity dismissing Leger’s action without prejudice. Pursuant to the ruling, Doctor Delahous-saye’s attorney prepared a document titled “Judgment of Dismissal” and forwarded the same to Leger’s attorney who signed the Judgment of Dismissal and returned it to Doctor Delahoussaye’s attorney. On August 23, 1983, said judgment was signed by the trial judge. Subsequently, the judgment of dismissal was amended substituting the notation “Approved as to Form Only” for the notation “Approved as to Form and Substance”. From the amended judgment Leger perfected an appeal to this court.
Doctor Delahoussaye filed a motion to dismiss this appeal alleging that Leger has voluntarily and unconditionally acquiesced in the judgment due to the alleged fact that her attorney signed a judgment prepared by the opposing counsel which contained the notation “Approved as to Form and Substance.”
Louisiana Code of Civil Procedure Article 2085 provides:
“An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiescence in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.”
Acquiescence in a judgment is never presumed, and the party alleging abandonment must establish by direct or circumstantial evidence that the party now appealing intended to acquiesce and to abandon his right to appeal. Hoyt v. State Farm Mut. Auto. Ins. Co., 413 So.2d 1003 (La.App. 3rd Cir.1982). Furthermore, appeals are favored in law, and forfeiture of a party’s right to appeal through acquiescence should be decreed only when the party’s intention to acquiece and to abandon his right of appeal is clearly demonstrated. Major v. Louisiana Department of Highways, 327 So.2d 515 (La.App. 1st Cir.1976).
In the present case we find that the mere words “approved as to Form and Substance” are not sufficient to show an intention on the part of Leger to acquiesce and to abandon her right to appeal particularly in light of the custom allowing the prevailing attorney to prepare the judgment. In the absence of further factual allegations of such manifestation, the motion to dismiss the appeal has no merit.
MOTION DENIED.