634 So.2d 1286 (1994)
Robert Douglas GREENE, Plaintiff-Appellant,
v.
Cheryl Elaine Flaharty GREENE, Defendant-Appellee.
No. 93-789.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1994.
*1288 Diane Sorola and Kraig Thomas Strenge, Lafayette, for Robert Douglas Greene.
Joseph Michael Placer, Lafayette, for Cheryl Elaine Flaharty Greene.
Before DOUCET, YELVERTON and SAUNDERS, JJ.
DOUCET, Judge.
Both parties appeal an award of child support.
The factual background of the case is not in controversy. Robert Douglas Greene and Cheryl Elaine Flaharty Greene were married in 1979. Cheryl brought into the marriage her child from a previous relationship, Kristopher, born April 11, 1976. Robert adopted Kristopher. The couple had two children, Jeffrey Allen, born February 12, 1980, and Robert Michael, born September 21, 1981. In 1984, pursuant to an agreement styled a "Mandate," the Greenes agreed to allow Kristopher to live with his biological father, David Baudoin. The parties separated and divorced in 1988. The two children of the marriage continued to live with Cheryl. She remarried and moved to Texas taking the two boys with her.
In April 1990, Robert filed a "Petition for Child Custody and Child Support." On June 15, 1990, Cheryl filed a similar motion. In April 1991, the two boys moved in with their father. In January 1992, the Greenes entered a stipulation, the exact content of which was disputed and never reduced to a written judgment. Pursuant to the stipulation, the parties undertook a joint custody arrangement with Robert the domiciliary parent from August through May, and Cheryl the domiciliary parent in June and July. In June 1992, Cheryl filed a "Motion for New Trial/to Reopen Case/Rule to Change Domiciliary Custody." She further filed an answer and reconventional demand to Robert's original petition for custody and support. The trial court ordered the case reopened in July 1992.
In August 1992, Cheryl failed to send the two boys back to Robert. Kristopher, who had continued to live with his biological father, returned to live with her on November 24, 1992.
In November 1992, Cheryl amended her reconventional demand to ask for joint custody of all three children with herself as domiciliary parent, and for child support for the two younger boys retroactive to the date of filing of the amended reconventional demand. The matter was heard on December 15, 1992. Robert did not contest custody. The only issue before the court was the amount of child support to be awarded.
After hearing evidence from both parties, the trial judge rendered judgment granting sole custody to Cheryl, subject to reasonable visitation by Robert. Further, the court ordered Robert to pay child support in the amount of $802.15 from May through November 24, 1992, for the two younger boys and child support of $994.30 beginning November 24, 1992, for all three children, payable on the first of each month.
Robert and Cheryl later entered an agreement allowing him to pay support half on the first and half on the fifteenth of each month.
Robert appealed the award of child support. Cheryl filed a motion to dismiss and an answer to Robert's appeal.

MOTION TO DISMISS
Cheryl contends that Robert's appeal should be dismissed because, by entering into the "Joint Motion and Order" which allowed him to pay support in two payments per month, Robert entered a consent agreement and acquiesced in the child support order, thereby waiving his right to appeal. Cheryl bases her argument on the following language in that document.

*1289 IT IS ORDERED that ROBERT DOUGLAS GREENE be permitted to pay the sum of $994.30 per month, commencing on November 24, 1992, and payable each month thereafter, all as ordered by the Judgment rendered in the above captioned and numbered cause on December 22, 1992 and signed on February 10, 1993, in two equal installments of $497.15 each, payable on the first day and the fifteenth day of each month; and that said Judgment, other than to permit such bi-monthly payments of child support, is in all other respects to remain in full force and effect as rendered. (emphasis added)
She further cites as support for her argument the fact that counsel for Robert signed the document under the phrase: "Approved as to form and content."
La.C.C.P. art. 2085 provides that:
"An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiescence in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment."
This court in Leger v. Delahoussaye, 445 So.2d 526, 527 (La.App. 3 Cir.1984) stated:
Acquiescence in a judgment is never presumed, and the party alleging abandonment must establish by direct or circumstantial evidence that the party now appealing intended to acquiesce and to abandon his right to appeal. Hoyt v. State Farm Mut. Auto. Ins. Co., 413 So.2d 1003 (La.App. 3rd Cir.1982). Furthermore, appeals are favored in law, and forfeiture of a party's right to appeal through acquiescence should be decreed only when the party's intention to acquiece and to abandon his right of appeal is clearly demonstrated. Major v. Louisiana Department of Highways, 327 So.2d 515 (La.App. 1st Cir.1976).
In this case, we find that the language cited by Cheryl is not sufficient to show an intention on Robert's part to acquiesce in the amount of child support to be paid and abandon his right to appeal. Therefore, we will consider the appeal.

AMOUNT OF SUPPORT
Both parties argue that the trial court incorrectly calculated the amount of support due.
Robert contends that the trial judge erred in failing to consider Cheryl's earning potential since she is voluntarily underemployed as defined by La.R.S. 9:315.9.
La.R.S. 9:315.9 states that:
If a party is voluntarily unemployed or underemployed, child support shall be calculated based on a determination of his or her income earning potential, unless the party is physically or mentally incapacitated, or is caring for a child of the parties under the age of five years. The amount of the basic child support obligation obtained by use of this Section shall not exceed that amount which the party paying support would have owed had no determination of the other party's earning income potential been made.
The record reflects that from June 1990 through May 1992, Cheryl worked for an attorney at a salary of $1,600 per month. Her employer paid her health insurance premium in the amount of $99.18 per month. In June 1992, Cheryl voluntarily quit that job so that she could be home for her children. She undertook employment typing for court reporters. Her verified income statement showed adjusted gross income of $1,141.57 per month. Cheryl presented no evidence which would tend to show that she is employed at maximum earning capacity, or that she is physically or mentally incapacitated. The evidence adduced at trial shows that Cheryl is voluntarily underemployed. La. R.S. 9:315.9 mandates that her income for purposes of the child support guidelines be calculated at the higher level of her earning potential, in this case $1,600.00. Robert argues that her income should include the $99.18 paid by her employer for her insurance premium. However, La.R.S. 9:315 does not include such amounts in its definition of "gross income." We find no other authority for so doing.
*1290 Cheryl argues that the trial judge erred in failing to include the income of Robert's present spouse to the extent that her income was used to reduce his expenses.
LSA-R.S. 9:315(6) defines "income" to be used in the calculation of child support obligations, and it provides in pertinent part:
(6) "Income" means:
....
(c) The court may also consider as income the benefits a party derives from expense-sharing or other sources; however, in determining the benefits of expense-sharing, the court shall not consider the income of another spouse, regardless of the legal regime under which the remarriage exists, except to the extent that such income is used directly to reduce the cost of a party's actual expenses.
....
The use of the word "may" is permissive, and, therefore, consideration of second spouse income is discretionary with the trial court. The standard of review is whether the trial court abused its discretion. Norred v. Norred, supra [591 So.2d 396 (La.App. 2d Cir.1991)]; Crockett v. Crockett, 575 So.2d 942 (La.App. 2d Cir. 1991).
Mayo v. Crazovich, 621 So.2d 120, 124 (La. App. 2d Cir.1993).
In this case, the trial court considered Cheryl's husband's contribution to her expenses as part of her income. Robert's own testimony and exhibits show that his present wife is employed at a salary of $1,600.00 per month and that they share certain expenses, including an automobile loan, credit card debt, rental insurance and cable television costs. According to Robert's "Affidavit of Income and Expenses," this expense sharing benefits him in the amount of $331.00 per month.
We believe the trial judge's failure to uniformly apply the guidelines to both parties is an abuse of discretion. Robert's income for purposes of child support should be adjusted to reflect the fact that he derives benefit in the amount of $331.00 from his present wife's income.
Robert next argues that the trial judge erred in failing to deviate from the child support guidelines in consideration of his duty to support the child born of his present marriage in calculating his support obligation to his children of his previous marriage, and of the extraordinary medical expenses required by one of the children of the parties. He further argues that the trial judge should have considered his rental of a larger, more expensive home to accommodate the boys.
La.R.S. 9:315.1(A) states in pertinent part that:
A. ... There shall be a rebuttable presumption that the amount of child support obtained by use of the guidelines set forth in this Part is the proper amount of child support.
* * * * * *
B. The court may deviate from the guidelines set forth in this Part if their application would not be in the best interest of the child or would be inequitable to the parties. The court shall give oral or written reasons for the deviation. The reasons shall be made part of the record of the proceedings.
C. In determining whether to deviate from the guidelines, the court's considerations may include:
* * * * * *
(2) The legal obligation of a party to support dependents who are not the subject of the action before the court and who are in that party's household.
(3) The extraordinary medical expenses of a party, or extraordinary medical expenses for which a party may be responsible, not otherwise taken into consideration under the guidelines.
* * * * * *
(7) Any other consideration which would make application of the guidelines not in the best interest of the child or children or inequitable to the parties.
The decision of whether to deviate from the guidelines lies within the sound discretion of the trial judge. His decision *1291 will not be overturned absent an abuse of that discretion.
In this case, Robert's testimony establishes that he has a daughter born of his present marriage. He argues in brief that he should have $330 deducted from his income because of his obligation to support the child. There is however, no evidence of the amount he contributes to her support.
As to the extraordinary medical expenses paid by Robert, the evidence did show that Jeffrey had extraordinary medical expenses in 1991. However, there was no evidence that this was an ongoing condition which would require continuing treatment.
Finally, Robert testified that in June 1992, when he had to move out of his former residence, he rented a four-bedroom house because he believed his two boys would be living with him, as well as his present wife's son and daughter, and their daughter together. However, the testimony shows he rented a four-bedroom house previously when the boys did not live with him. While he pays a higher rent for the current house, we cannot conclude that he chose to rent the four-bedroom house to accommodate his sons.
Considering the evidence, the defendant has not rebutted the presumption that the amount of child support allowed under the guidelines is the appropriate amount. Therefore, the trial court did not commit manifest error in refusing to deviate from the guidelines.
Next, Cheryl contends that the trial judge erred in failing to order Robert to pay for health insurance for the children inasmuch as the amount of the premium Robert pays was included in the total child support obligation. She further argues that she cannot obtain insurance at that cost. She further asks for Robert to be ordered to pay all medical expenses for the boys not payable by insurance.
The issue of payment of insurance premiums and medical costs was not raised on the trial level. However, in the interest of judicial economy and of rendering a judgment "which is just, legal and proper upon the record on appeal," La.C.C.P. art. 2164, we will address it.
The testimony establishes that Robert has been paying for health insurance to cover his sons. It works no hardship on him to require him to continue to do so and stabilizes the availability of health care for the children. We will so order. However, Robert is entitled to a credit on his monthly child support in the amount of the premium $57.00. See Norred v. Norred, 591 So.2d 396 (La.App. 2 Cir.1991), writ denied, 592 So.2d 1319 (La.1992). Further, each party shall pay a share of the medical costs not covered by the insurance proportionate to his or her percentage share of income as shown on line 3 of the child support obligation worksheet.
For these reasons, we find that the appropriate amount of support for the two boys is $732.45 per month. The appropriate amount of support for the three boys is $922.26. Attached hereto as Appendices A and B are two child support obligation worksheets detailing the calculation of support.

TAX EXEMPTION
Cheryl argues that the trial judge erred in allocating the income tax exemption for the children to Robert. The trial judge did not articulate his reasons for so doing.
La.C.C. art. 131(A)(1)(c)(ii) states in pertinent part that:
In addition, a provision for child support shall consider the impact of any dependency exemption granted to a parent by provisions of any revenue law and shall allocate such exemption to either parent.
La.R.S. 9:315.13 provides with regard to the tax exemption that:
The amounts set forth in the schedule in R.S. 9:315.14 presume that the custodial or domiciliary party has the right to claim the federal and state tax dependency deductions and any earned income credit. However, the claiming of dependents for federal and state income tax purposes shall be as provided by the Internal Revenue Code.
Accordingly, it would appear that to allocate the tax exemptions to a non-custodial parent is a deviation from the child support *1292 guidelines for which the trial judge must give reasons. La.C.C. art. 131(A)(1)(c)(ii), while allowing the trial judge discretion in allocating the exemptions, supports the need for the trial judge to articulate his reasons for the allocation when it is not to the custodial parent. After examining the record we find no support for this deviation. Therefore, the trial court's allocation of the tax exemptions is reversed and the children's tax exemptions are allocated to Cheryl.

RETROACTIVITY OF ORDER
Cheryl further argues that the trial judge erred in failing to make the child support award retroactive to the date of filing of her Motion for Child Support, June 15, 1990. Robert contends that the trial court erred in ordering support for the two younger boys from May 1991, when the two boys lived with him during that month.
La.R.S. 9:310 provides that:
A. An order for child support or alimony shall be retroactive to the filing date of the petition for child support or alimony granted in the order.
B. Any support of any kind provided by the judgment debtor from the date the petition for support is filed to the date the support order is issued, to or on behalf of the person for whom support is ordered, shall be credited to the judgment debtor against the amount of the judgment.
C. In the event the court finds good cause for not making the award retroactive, the court may fix the date such award shall become due.
The trial court judgment states:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of petitioner in reconvention, Cheryl Elaine Flaharty Scurlock, and against defendant in reconvention, Robert Douglas Greene, in the amount of Eight Hundred Two and 15/100 ($802.15) Dollars per month from May 1992 until November 24, 1992 representing child support for the minor children: Jeffrey Greene and Robert Greene.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant in reconvention, Robert Douglas Greene, pay to petitioner in reconvention, Cheryl Elaine Flaharty Scurlock, the sum of Nine Hundred Ninety Four and 30/100 ($994.30) Dollars, as support for the minor children: Kristopher Greene, Jeffrey Greene and Robert Greene, commencing on November 24, 1992 and payable in the same amount on the first day of each month thereafter.
After reviewing the record, we find that the trial court could have found good cause for refusing to make the award of child support for the two younger boys retroactive to the filing date of Cheryl's original custody motion. The two younger boys lived with Cheryl from the date of the divorce until April 1991. The children lived with Robert from April 1991 through May 1992. During that period Cheryl paid support of $200.00. In January 1992, the parties attempted to enter an agreement as to custody. However, they were never able to reduce it to writing due to confusion as to the exact terms. The two boys began living with their mother again only in June 1992.
We find no error in the trial court's decision not to make the award retroactive to June 15, 1990. However, we believe that he inadvertently erred in awarding support from May 1992. We amend the judgment to award support for the two younger boys from June 1, 1992.

COSTS
Finally, Cheryl disputes the trial court's allocation of costs one-half to each of the parties. She argues that all costs should have been assessed to Robert. La.C.C.P. art. 1920 grants a trial court great discretion in assessing costs "as it may consider equitable." In light of the record before us, we find no inequity in the trial court's allocation of costs.

CONCLUSION
For the above reasons, the judgment of the trial court is amended to reflect that Robert Douglas Greene is required to pay child support in the amount of $732.45 for Jeffrey and Robert Greene from June 1, 1992 until November 24, 1992, and child support in *1293 the amount of $922.26 for Kristopher, Jeffrey and Robert Greene from November 25, 1992 onward.
The judgment of the trial court allocating the tax exemption is reversed. The tax exemption for the children may be claimed by Cheryl Elaine Flaharty Greene.
Judgment is rendered requiring Robert Douglas Greene to maintain health insurance on the children. Medical expenses not covered by insurance shall be paid by the parties in proportion to their percentage share of income as shown in the Appendices hereto.
In all other respects the judgment of the trial court is affirmed.
Costs on appeal are to be divided equally between the parties.
AFFIRMED IN PART; AMENDED IN PART: REVERSED IN PART AND RENDERED.

*1294