643 So.2d 891 (1994)
Robert Douglas GREENE, Plaintiff-Appellant,
v.
Cheryl Elaine Flaherty GREENE, Defendant-Appellee.
No. 94-79.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1994.
*892 Diane Sorola, Kraig Thomas Strenge, Lafayette, for Robert Douglas Greene.
Joseph Michael Placer, Lafayette, for Cheryl Elaine Flaharty Greene.
Before YELVERTON, THIBODEAUX and COOKS, JJ.
COOKS, Judge.
This case arose when Robert Greene filed a rule on May 20, 1993 seeking to decrease child support payments. On May 28, 1993, Cheryl Greene responded by filing a rule for past due child support, contempt and attorney fees, alleging Robert failed to pay the sum of $6,654.80 in court ordered support. The amount of arrearages claimed by Cheryl was the subject of a previous judgment rendered on February 10, 1993 which made the amount executory. Robert appealed that judgment. Cheryl also sought the return of certain property belonging to the children which was in Robert's possession. On June 1, 1993, Cheryl filed a motion for an Income Assignment Order. On June 14, 1993, Robert filed a motion to stay service of this order on his employer.
The matters were tried on June 21, 1993. The trial court's judgment reduced the monthly child support payments to the sum of $802.15 and ordered the issuance of the income assignment order to assure prompt payment of future support. The judgment also awarded Cheryl $6,654.80 in past due child support and $250.00 in attorney fees. Robert was allowed to retain possession of certain BB guns and shotguns belonging to the children until they reached the age of eighteen.
Robert appealed that portion of the second judgment making executory the arrearages claimed by Cheryl which were recognized earlier in the February judgment. Answering the appeal, Cheryl also complained the trial court erred in: (1) awarding only $250.00 in attorney fees; (2) permitting Robert to retain possession of the guns; (3) ordering the income assignment to affect only future payments of child support; and (4) ordering her to pay one half of the court costs.

ARREARAGES
Robert argues the trial court erred in finding he owed $6,654.80 in child support arrearages. Robert's argument, though, is not new. He appealed the earlier February 10, 1993 judgment finding he owed Cheryl $6,654.80 in past due support. In Greene v. Greene, 634 So.2d 1286 (La.App.3d Cir.1994), we affirmed and amended the judgment to reflect Robert was ordered by prior judgment to pay $783.75, rather than $802.15, from June 1, 1992 until November 24, 1992, and then to pay $985.53, rather than $994.30, from November 25, 1992 onward. Using the appropriate support awards, we adjusted the arrearages downward from $6,654.80 to $5,728.39. Although the trial court rendered a later judgment incorporating the earlier arrearages award, we are not compelled to revisit whether our amended award was appropriate. Robert's day on appeal has come and gone; and, he fully raised the contentions *893 he now wishes us to entertain for the second time.
For the same reason, we forego entertaining Cheryl's argument. She maintains "if the children receive a few dollars more than this court has determined were actually due, it is for the benefit of the children and no one else." Relying on Peltier v. Peltier, 617 So.2d 201 (La.App.3d Cir.1993), she points out the trial court in that case erred in raising the husband's child support payments, which resulted in an overpayment by him. The husband sought an offset against future payments to make up for what he had overpaid. Refusing to grant the offset, we reasoned the mother had probably not "saved against the rainy day of a reversal." Since the money had already been received, allowing an offset against future child support would, at least for a short time, deprive the children of the minimum amount of child support required. Cheryl's argument, however, does not move us to treat her plea any different from that advanced by Robert. The amended judgment is final and binding on the parties. The substantial arrearage owed by Robert has not been fully satisfied. Unlike Mrs. Peltier, rain will not ruin Cheryl's day. Robert's obligation to pay monthly child support in the future will not be affected. The children's needs will be fully "covered and protected" by an income assignment.

INCOME ASSIGNMENT ORDER
Cheryl argues the trial court erred in not making the income assignment order applicable to the child support payments that are in arrears. The trial judge specifically ordered the income assignment apply only to future support payments. LSA-R.S. 46:236.3, which provides for the enforcement of support by income assignment orders, does not mandate that an income assignment order apply to past arrearages. Therefore, the trial court was within its discretion in making the income assignment order applicable only toward future support payments.

RETURN OF THE GUNS
The trial court found Robert was in possession of BB guns and shotguns belonging to the children; but it ordered the items shall remain with Robert until the children reached the age of eighteen. Cheryl argues, as sole custodian of the children, she has full authority; thus, she is entitled to regain possession of their property.
Robert did not deny the guns were bought for the children. He stated, however, Cheryl understood the guns would remain with him until the children reached eighteen. Robert explained he did not want the children, ten and twelve years old, to have the guns now because he feared the eventuality of an accident. We find under the circumstances the trial court did not err in allowing Robert to keep possession of the guns until the children attain the age of eighteen.

ATTORNEY FEES
Cheryl contends the attorney fees awarded her by the trial court were inadequate. Although the trial court was informed by Cheryl's counsel that the attorney fees incurred were in the amount of $1,376.00, it only awarded $250.00.
LSA-R.S. 9:375(A) provides a trial court is authorized to award attorney fees and costs to the prevailing party in an action to make executory past due child support. Likewise, LSA-R.S. 46:236.3(D) states "[w]hen the court renders judgment in an action brought pursuant to R.S. 46.236.3(B), it shall award attorney fees and court costs to the prevailing party." (emphasis added). Cheryl's action for an income assignment order was brought pursuant to LSA-R.S. 46:236.3(B). The trial court possessed authority to grant attorney fees to Cheryl. The question is were they adequate? We think not.
Robert argues the award was proper because there were matters before the court, other than past due child support and the issuance of an income assignment order, which did not allow for the imposition of attorney fees. Countering, Cheryl insists the principal issue before the trial court centered on Robert's failure to timely pay court ordered child support. Prior to trial the parties entered a stipulation to reduce the support award to an agreed sum. This stipulation *894 was recognized by the trial court; and it is reflected in the judgment. The record further reflects brief testimony was presented on the remaining contested issue regarding the children's property.
The bulk of the record refers to Cheryl's request for past due child support and the requested income assignment order. Since Cheryl prevailed on these issues she is entitled to attorney fees. Cheryl's attorney maintained he charged fees in the amount of $1,376.00. The trial court's award of $250.00 is inadequate. The trial court was obliged to award Cheryl a "reasonable" attorney's fee. We believe the award should not have been less than $1,000.00.

COURT COSTS
Finally, Cheryl argues the trial court erred in splitting court costs equally between the two parties. She insists all the costs should be cast against Robert. A trial court is vested with great discretion in determining who is liable for costs of court. The trial court may assess costs against any party in the proportion it deems equitable, even against the party prevailing on the merits. LSA-C.C.P. art. 1920; D.B. Orban Co. v. Lakco Pipe, 496 So.2d 1382 (La.App. 3d Cir. 1986). A trial court's assessment of costs can be disturbed only upon a showing of an abuse of discretion. D.B. Orban, supra; Courtney v. Winn-Dixie Louisiana, Inc., 447 So.2d 504 (La.App. 5th Cir.1984), writ denied, 449 So.2d 1359 (La.1984). Although Cheryl prevailed in part below, Robert also prevailed on certain issues. Therefore, we cannot say the trial court abused its discretion in splitting costs equally between the two parties.

DECREE
For the above reasons, the judgment of the trial court is amended to reflect that Robert Douglas Greene owes past due child support in the amount of $5,728.39 as amended by final judgment rendered in Greene v. Greene, 634 So.2d 1286 (La.App. 3d Cir. 1994). The judgment is further amended to increase the amount of attorney fees awarded to Cheryl Elaine Flaherty Greene to $1,000.00. In all other respects the judgment of the trial court is affirmed. Costs on appeal shall be divided equally between the parties.
AFFIRMED, AS AMENDED.