812 So.2d 626 (2002)
LOUISIANA ELECTORATE OF GAYS AND LESBIANS, INC., et al.,
v.
The STATE of Louisiana, et al.
Nos. 99-CA-3357, 2001-CA-2106.
Supreme Court of Louisiana.
March 28, 2002.
*627 Richard P. Ieyoub, Attorney General, Charles H. Braud, Jr., Thomas S. Halligan, Melinda M. Tucker, Angie R. La-Place, Counsel for Applicant (No. 99-CA-3357 and 01-CA-2106).
John D. Rawls, New Orleans, Counsel for Respondent (No. 99-CA-3357 and 01-CA-2106).
PER CURIAM.[*]
This civil litigation involves the constitutionality of La. R.S. 14:89(A)(1)[1] and certain ancillary sex offender provisions. Plaintiffs, who include individual gay men and lesbians and the Louisiana Electorate of Gays and Lesbians, Inc. ("LEGAL"), filed a declaratory judgment action in 1994 against the State of Louisiana, its attorney general, and a defendant class of district attorneys throughout the state (except the Jefferson Parish district attorney). Plaintiffs alleged that the targeted statutes are unconstitutional because they: (a) are arbitrarily applied and arbitrarily enforced against plaintiffs as gay men and lesbians and reward police misconduct in such application and enforcement in violation of La. Const. art. I, §§ 2 and 3; (b) deny plaintiffs equal protection of the laws on the basis of sex, physical condition, birth, culture, and religion in violation of La. Const. art. I, § 3; (c) intrude upon the privacy of the individual plaintiffs in violation of La. Const. art. I, § 5; (d) curtail and restrain the plaintiffs' freedom of speech and of the press in violation of La. Const. art. I, § 7; (e) constitute a state endorsement of religious beliefs and an establishment of religion in violation of La. Const. art. I, § 8; (f) impair plaintiffs' right to assemble peaceably and to petition the government for a redress of grievances in violation of La. Const. art. I, § 9; (g) discriminate, on the basis of physical condition, against plaintiffs in their access to public areas in violation of La. Const. art. I, § 12; (h) subject plaintiffs to cruel, excessive, and unusual punishment in violation of La. Const. art. I, § 20; and (i) constitute bills of attainder in violation of La. Const. art. I, § 23.
After a lengthy discovery period and extensive legal maneuvering by the parties, the matter was tried before Judge Carolyn Gill-Jefferson in October 1998. In a judgment dated March 17, 1999, the district court declared La. R.S. 14:89(A)(1) unconstitutional on privacy grounds "only insofar as it prohibits non-commercial, consensual, private sexual behavior by adult human beings," and further declared the remainder of the targeted statutes unconstitutional only as they relate to the prohibition of La. R.S. 14:89(A)(1). The district court also permanently enjoined the enforcement of these statutes against adult human beings engaged in non-commercial, consensual, private sexual behavior. The judgment did not address the other constitutional grounds raised by plaintiffs.
*628 On May 19, 1999, defendants were granted a suspensive appeal to this court from the district court's judgment declaring the targeted statutes unconstitutional on privacy grounds insofar as they prohibit or affect non-commercial, consensual, private sexual behavior by adult human beings. At about the same time that appeal was lodged (in docket number 99-CA-3357), the court was considering State v. Smith, 99-KA-0606, a separate case raising the constitutionality of La. R.S. 14:89(A)(1) in a criminal context. Accordingly, the court held the instant case pending its opinion in Smith.
Meanwhile, plaintiffs filed a motion for new trial in the district court, contending, among other grounds, that the district court should have explicitly addressed all of the constitutional issues they raised, not just the right to privacy. The district court granted a new trial to correct a typographical error in the March 17, 1999 judgment, but otherwise denied plaintiffs' motion. However, in oral reasons for judgment rendered on April 28, 1999, the district judge agreed to address plaintiffs' arguments with respect to the remaining constitutional issues, but thereafter explicitly rejected "all of plaintiffs other grounds for declaring the targeted statutes unconstitutional," and stated in open court her reasons for so ruling.
On June 11, 1999, plaintiffs were granted a suspensive appeal to the Court of Appeal, Fourth Circuit "over those portions of the Judgment declaring [the targeted] statutes constitutional." On June 14, 2000, this court issued an order staying the proceedings in the court of appeal pending further orders of the court.
On July 6, 2000, this court rendered its opinion in Smith, finding La. R.S. 14:89(A)(1) is constitutional. State v. Smith, 99-0606 (La.7/6/00), 766 So.2d 501. On October 11, 2000, after Smith became final, this court remanded the instant case to the district court for reconsideration in light of Smith. The court's order stated:
This civil litigation involves the constitutionality of La. R.S. 14:89(A)(1) and certain ancillary sex offender provisions. The district court rendered judgment in favor of plaintiffs, declaring the statutes unconstitutional. Thereafter, defendants lodged an appeal in this court.
Prior to docketing the appeal in the instant case, we rendered our opinion in State v. Smith, 99-0606 (La.7/6/00), 766 So.2d 501, in which we addressed the constitutionality of La. R.S. 14:89(A)(1). Because the district court did not have the benefit of our opinion in Smith at the time it rendered its ruling, and because Smith may directly affect the issues presented in the instant case, we find the interests of justice require that the case be remanded to the district court for reconsideration of its judgment, after appropriate briefing and argument by the parties. Accordingly,
IT IS ORDERED that the case be remanded to the district court for further proceedings.
Simultaneously with the order to the district court, this court lifted the stay of the proceedings pending in the court of appeal.
On remand, the district court ordered briefing from the parties and set the matter for hearing. Thereafter, on March 23, 2001, the district court rendered judgment granting plaintiffs' request for declaratory judgment and permanent injunction. The judgment states, in pertinent part:
IT IS ORDERED, ADJUDGED AND DECREED that:
1. The Court declares Louisiana Revised Statues 14:89(A)(1) to be in violation of Article I, Section 5 of the Constitution of Louisiana, and therefore null, void and of no effect.

*629 2. The Court permanently enjoins all Defendants and the members of the represented class from prosecuting anyone for alleged violation[s] of Louisiana Revised Statutes 14:89(A)(1).
The district court granted defendants a suspensive appeal from this judgment, and the record was lodged in this court in July 2001 in docket number 01-CA-2106. However, the appeal was not immediately docketed, but was held awaiting action by the court of appeal on plaintiffs' appeal.
On November 14, 2001, the court of appeal dismissed plaintiffs' appeal for lack of jurisdiction, on the ground that jurisdiction of the appeal properly lies with this court. In response to that ruling, plaintiffs filed an application for en banc rehearing of its appeal, or alternatively, requested that the court of appeal transfer the previously-dismissed appeal to this court for consideration. On February 7, 2002, the court of appeal denied plaintiffs' application for en banc rehearing, but granted the motion to transfer the appeal to this court.

DISCUSSION
In State v. Smith, supra, this court squarely rejected the assertion that the privacy clause of the Louisiana Constitution protects oral and anal sex:
Precedent aside, however, the defendant would have us announce, as the Fourth Circuit did, a constitutional right to engage in oral sex. This we are unwilling to do. If this court were to hold that this constitutional right exists, not only would we misconstrue the Louisiana Constitution, but we would also violate the fundamental principle of separation of powers. There is no constitutional impediment to the legislature enacting La.Rev.Stat. 14:89.
99-0606 at p. 6, 766 So.2d at 506-507.
Despite the clarity of our holding to this effect, the district court chose to depart from Smith and reached a contrary result on the law. This action involves, at least, a failure by the lower court to recognize its obligation to follow the law of this State as pronounced by this court. Accordingly, insofar as the judgments of the district court dated March 17, 1999 and March 23, 2001 invalidate any or all of the targeted statutes based upon La. Const. art. I, § V, those are hereby vacated in their entirety.
The remaining constitutional challenges raised by plaintiffs were rejected by the district court. This judgment was then appealed to the court of appeal, which declined to exercise its jurisdiction on the ground that this court's jurisdiction extends to all issues in the case on appeal. Because we have disposed of the appeal before us relating to the privacy issue, we will transfer plaintiffs' appeal of the remaining constitutional issues to the Court of Appeal, Fourth Circuit, for consideration under its appellate jurisdiction. La. Const. art. V, § 10(A).

DECREE
For the reasons assigned, the judgments of the district court dated March 17, 1999 and March 23, 2001 are hereby vacated in their entirety insofar as they invalidate any or all of the targeted statutes based upon La. Const. art. I, § V. Plaintiffs' appeal of the remaining constitutional issues is hereby transferred to the Court of Appeal, Fourth Circuit, for consideration under its appellate jurisdiction.
CALOGERO, J., concurs in part, dissents in part and assigns reasons.
*630 CALOGERO, C.J., concurring in part and dissenting in part.
I concur in the majority's opinion insofar as it finds the district court must follow the binding precedent of this court. However, for the reasons expressed in my dissent in State v. Smith, 99-0606 (La.7/6/00), 766 So.2d 501, I disagree with the result reached by the majority and would docket this case for further proceedings to revisit our holding in Smith.
NOTES
[*] Knoll, J., recused.
[1] La. R.S. 14:89(A)(1) sets forth the following definition of crime against nature:

The unnatural carnal copulation by a human being with another of the same sex or opposite sex or with an animal, except that anal sexual intercourse between two human being shall not be deemed as a crime against nature when done under any of the circumstances described in R.S. 14:41, 14:42, 14:42.1 or 14:43. Emission is not necessary; and, when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime.