JUDE G. GRAVOIS, Judge.
^Defendant, Andreas Lorenz, appearing in proper person, has appealed the trial court’s award of child support in favor of plaintiff, Honey Elisabeth Estapa. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY

The parties are the parents of a minor child who was born on April 28, 2008 in Texas. The mother, Honey Elisabeth Es-tapa (“Honey”), is an American citizen, while the father, Andreas Lorenz (“Andre-as”), is a German citizen. Andreas was present for the child’s birth, but returned to Germany a few days later. He has visited with the child in the United States several times.
In 2010, Honey filed a petition for sole custody. Following a hearing, the parties were awarded joint custody. On February 16, 2011, Honey filed a rule to set child support. Andreas filed an objection to the rule explaining that as a German citizen, he works and lives under an economic scheme different from that of the United States. Citing his higher cost of living and *1105 different tax structure, he argued that a straight application of the Louisiana child support guidelines to his | ^situation would be inequitable. Based on the system utilized in Germany, which awards child support based on net income, Andreas stated that his child support obligation would be $528 per month. He requested credit for the extraordinary travel costs he incurs when visiting the child in the United States. He also requested that an accommodation be made for the fluctuation of the value of the Euro against the Dollar.
A hearing was held before the district judge on May 9, 2011. Both parties appeared and were represented by counsel at the hearing.[1]
At the hearing, the parties stipulated that Andreas’ monthly income was $6,300 and that Honey’s monthly income was $2,087. Honey testified that she is a social worker and became self-employed in 2010. She sees approximately 13-15 patients per week and hopes that this number will increase to 18-20 patients per week. She went into private practice to have flexible work hours. She testified that the child is currently covered by Medicaid, but asked that Andreas be ordered to pay a share of private medical insurance for the child in the event the child becomes ineligible for Medicaid.
Andreas testified that he asked for a deviation from the child support guidelines based on the higher living costs in Germany. He explained that using the Louisiana system, his gross income is turned into Dollars, but this does not take into account that he pays his expenses in Euros. He testified that the tax rate in Germany is higher than in the United States, and in calculating child support, the German system takes into account this higher tax rate. Andreas stated that after paying all of the taxes he is required to pay, his net monthly income is $3,349. He testified that he spends $4,000-$5,000 per year to travel to the United States to see his child.
|4On cross-examination, Andreas testified that he came to the United States five times during 2010. One time he came to take a licensing exam in Los Angeles. Following the exam, he came to Louisiana to visit with the child, but was refused visitation. The last time he came to the United States, he was here for two weeks and visited with the child for five or six days. He admitted that on another occasion, he came to Las Vegas to get married, but did not attempt to visit with the child. Andreas also admitted that he owns a new home with his wife in which they have approximately 120,000 Euros (estimated at trial to be $178,000) in equity, and that he “put down” approximately 10,000 Euros (estimated at trial to be $15,000) for his wedding.
At the conclusion of the hearing, the trial court denied Andreas’ request for a deviation from the child support guidelines. The court stated that it was unaware of any precedent which would allow a decrease in child support based upon the taxes a parent is required to pay in another country. The court denied a reduction in child support based on travel expenses, noting that when Andreas traveled to Las Vegas to get married, he made no effort to visit with the child. The court set the child support at $1,209 per month.

ASSIGNMENTS OF ERROR

Although Andreas was represented by counsel in the trial court proceedings, he has appealed and filed his brief in proper person. On appeal, he first repeats his arguments regarding his perceived inequity in applying the Louisiana child support guidelines to him since he is a German *1106 citizen who works in Germany. He further argues that based on a publication by the “Hague Conference on Private International Law,” the cost involved in transportation to have contact with the child should be considered in assessing child support.
| -JJVALYSIS
Guidelines for the determination of child support are set forth in La. R.S. 9:315, et seq. The guidelines are to be used in any proceeding to establish or modify child support. La. R.S. 9:315.1(A). The guidelines are mandatory and provide limits and structure to the trial court’s discretion in setting the amount of support. James v. James, 34,567 (La.App.2d Cir.4/6/01), 785 So.2d 193.
There is a rebuttable presumption that the amount of child support obtained by use of the guidelines is proper and in the child’s best interest. La. R.S. 9:315.1(A); Guillot v. Munn, 99-2132 (La.3/24/00), 756 So.2d 290, 295. However, the trial court may deviate from the guidelines if it finds that application of the guidelines would not be in the child’s best interest or would be inequitable to the parties. Id. Because the amount of child support determined by the use of the guidelines is presumptively correct, the party urging a deviation from this amount bears the burden of proving by a preponderance of the evidence that a deviation is warranted. Id. at 297. In other words, the party advocating a deviation bears the burden of proving the guidelines amount is not in the best interest of the child or would be inequitable to the parties. Id.
In La. R.S. 9:315(A), the Louisiana Legislature set forth the basic principles of the Louisiana child support guidelines, to-wit:
The premise of these guidelines as well as the provisions of the Civil Code is that child support is a continuous obligation of both parents, children are entitled to share in the current income of both parents, and children should not be the economic victims of divorce or out-of-wedlock birth. The economic data underlying these guidelines, which adopt the Income Shares Model, and the guideline calculations attempt to simulate the percentage of parental net income that is spent on children in intact families incorporating a consideration of the expenses of the parties, such as federal and state taxes and FICA taxes. While the legislature acknowledges that the expenditures of two-household divorced, separated, or non-formed families are ^different from intact family households, it is very important that the children of this state not be forced to live in poverty because of family disruption and that they be afforded the same opportunities available to children in intact families, consisting of parents with similar financial means to those of their own parents.
While we are sympathetic to Andreas’ plight, his first argument fails to recognize that the child is living in the state of Louisiana and is subject to the protections of the laws of this state. Apparently in an attempt to argue that a deviation from the guidelines would be in the best interest of the child, Andreas states that he has had to decrease the number of visits he can make with the child in the United States because of the child support obligation imposed on him. However, in declining to deviate from the child support guidelines, the trial court noted that on at least one occasion, Andreas traveled to the United States and made no effort to visit with the child. Further, the record reflects that shortly before the hearing, Andreas had spent a significant amount of funds on a new house and on a wedding. Thus, not only does the record support the inference that a deviation from the guidelines is not *1107 warranted for the best interest of the child, the record also supports the inference that application of the guidelines to Andreas is not inequitable. Accordingly, Andreas failed to carry his burden of proving that awarding the amount of child support as determined by use of the guidelines in this particular case is not in the best interest of the child or would be inequitable to the parties. The decision of whether to deviate from the guidelines lies within the sound discretion of the trial judge and this decision will not be overturned absent an abuse of that discretion. Greene v. Greene, 93-789 (La.App. 3 Cir. 3/2/94) 634 So.2d 1286, 1290-91. We do not find that the trial judge abused her discretion and, therefore, decline to modify the child support award in this case.
Also, in his brief, Andreas writes of instances in which his requests to the trial court for the child to visit with him in Germany were denied. Documents ^purporting to show that these requests were denied are attached to his brief. For the following reasons, we find that Andre-as’ arguments relative to these alleged denial Orders are not properly before this Court.
Andreas filed his motion for appeal on June 19, 2011. The motion does not cite to a specific judgment; rather it just states that “the record herein shows error to his prejudice and that he is entitled to an appeal.... ” The judgment setting child support is dated May 19, 2011. Thus, it is apparent that Andreas is appealing the judgment setting child support. Further, the Orders attached to Andreas’ brief are dated in September 2011, well after he filed his motion for appeal. Moreover, an appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Dawson v. Cintas Corp., 97-2275 (La.App. 1 Cir. 6/29/98), 715 So.2d 165. Thus, we will not address Andreas’ arguments relative to these denied requests.
Further, in his brief, Andreas quotes from the “Hague Conference” and other publications regarding international child visitation and the importance of children maintaining relationships with both parents. At the end of the hearing, the trial court stated in dicta that unless the mother agrees to allow the child to visit the father in Germany, he will not order it. The trial court emphasized, however, the importance of the child and his father communicating on a frequent basis and included in the judgment that Andreas “shall have communication with [the child] through Skype at least twice per week.” In his brief, Andreas requests that this Court order visitation of the child in Germany over the summer and either over the Christmas or Easter holidays. Since An-dreas has not made this specific request in the trial court and the trial court has not made a ruling on such a request, this Court has no ruling to review. ¡¿CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED

. Andreas appeared telephonically at the hearing.